Metropolitan Life Insurance Company (Metropolitan), defendant below, appeals from a judgment awarding $13,090.30 to plaintiffs, beneficiaries under an accidental death policy issued by Metropolitan. Because the plaintiffs are children and grandchildren of the insured deceased, Roosevelt Sullen, Sr., we will refer to them as the Sullens. The basis of Metropolitan's appeal is that the trial court erred in refusing to allow Metropolitan to amend its answer during trial and in denying several of its requested jury instructions. We find that the trial court committed no reversible error in these actions and affirm.
Mr. Sullen was sixty-four years old and a Civil Service employee at Fort Rucker at the time of his death. On August 26, 1977, Mr. Sullen was driving away from Fort Rucker at about 8:00 a.m. when he made a U-turn and drove his car into a bridge abutment. He died in this crash. Mr. Sullen had been in Flowers Hospital in Dothan the first week of June, 1977, for treatment of involutional depression.
When the Sullens filed this action to recover accidental death benefits, Metropolitan answered by denying that Mr. Sullen died by accidental means, pleading the general issue, and averring that Mr. Sullen's death "was caused by or the result of an intentional self-destruction or intentionally self-inflicted injury and that hence Plaintiffs should take nothing by this suit." The court held a pretrial conference and issued a pretrial order on November 8, 1979, which gave the contested legal issue as "[w]hether or not the death of Roosevelt Sullen, Sr., was `caused by or the result of intentional self-destruction or intentionally self-inflicted *Page 1108 
injury, while sane or insane,' within the meanings of the terms of the Policy of insurance insuring the life of Roosevelt Sullen, Sr., so as to exclude Plaintiffs' claim for accidental death benefits under said policy." We have added the internal quotation marks to point out that this is the exact language of an exception to accidental death coverage under the policy (the suicide exclusion).
After the jury was struck for trial on October 15, 1980, Metropolitan moved to amend the pretrial order by adding a contention that recovery would be barred by another exclusion in the policy against payment for death "caused wholly or partly, directly or indirectly, by disease or bodily or mental infirmity, or by medical or surgical treatment or diagnosis thereof" (the mental infirmity exclusion). Counsel for the Sullens objected, and the trial court ruled that the case would proceed on the pretrial order because the mental infirmity exclusion would involve a substantially different defense from the suicide exclusion.
Metropolitan moved for directed verdict at the close of the Sullens' evidence and at the close of all the evidence. At a conference held prior to the court's charging the jury, Metropolitan moved to amend the pleadings to conform to the evidence pursuant to Rule 15 (b), Alabama Rules of Civil Procedure (ARCP), seeking to include the mental infirmity exclusion. It also requested four jury charges based on this exclusion. The trial court denied these motions and requests, and, subsequently, Metropolitan's motion for a new trial.
We find no error in the trial court's decisions. A pretrial order, when entered, "shall control the subsequent course of the action, unless modified at the trial to prevent manifest injustice," Rule 16, ARCP. Although amendments are to be liberally allowed under Rule 15, trial judges have discretion to allow or refuse amendments, and should not allow them where the trial will be unduly delayed or the opposing party unduly prejudiced. Alabama Farm Bureau Mutual Casualty Insurance Co.v. Guthrie, 338 So.2d 1276 (Ala. 1976). Although Rule 16 does not preclude amendments subsequent to the pretrial order, "the pre-trial procedure becomes ineffective unless the trial judge has the right to disallow amendments to pleadings filed subsequent to the pre-trial hearing," Id., at 1278-79.
The reasoning of this Court in National Distillers andChemical Corporation v. American Laubscher Corporation,338 So.2d 1269 (Ala. 1976), cited by Metropolitan, does not indicate a contrary result. In both this case and NationalDistillers, we affirm the trial court's decision on amendment, a matter within its discretion. In National Distillers, the trial court found there was no unfair surprise or undue prejudice. The previous fraud counts on which appellant was already defending were more inclusive than the two fraud counts added at the close of the evidence. Here it was within the trial court's discretion to find the amendment would cause undue prejudice.
Metropolitan contends that the mental infirmity exclusion should have come in under its general denial. We agree, however, with the Sullens that it was an affirmative defense which should have been set forth affirmatively. Rule 8 (c), ARCP. The deposition of the psychiatrist (Dr. Lopez) upon which Metropolitan sought to base its mental infirmity defense was taken on February 4, 1980, eight months before trial. An amendment during the interim would have given the Sullens proper notice that Metropolitan intended to defend on mental infirmity grounds and not just on suicide grounds.
Metropolitan also argues that because the Sullens did not object to admission of the deposition of Dr. Lopez, the mental infirmity defense was tried by consent. The bulk of his testimony concerned suicidal tendencies and was properly admissible; that which went directly to Mr. Sullen's mental condition, involutional depression, was also relevant to his suicidal tendencies and was admissible under the suicide exclusion, which was properly pleaded and at issue in the trial. *Page 1109 
The Sullens introduced Mr. Sullen's certificate of insurance into evidence. Metropolitan asserts that because this certificate contains the mental infirmity exclusion, the Sullens consented to try this issue by introducing the certificate. This contract, however, was a necessary element of the Sullens' cause of action. Because these items on which Metropolitan seeks to base its amendment were properly admitted for other purposes, we hold that the Sullens' explicit objections to trial of the mental infirmity exclusion negate the possibility that it was tried by implied consent.
For the reasons set out above, the judgment is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.