The tenant appeals from the final judgment set out below in an unlawful detainer action brought by the owner:
"FINAL JUDGMENT
 "This cause came on for trial on December 10, 1984, on the Court's regularly scheduled and published trial docket and the Plaintiff moved the Court to rule on *Page 1147 
its Motion In Limine filed in this cause; the Plaintiff's Motion In Limine takes the point that defenses of waiver and estoppel have not been plead as required by Alabama Rule of Procedure 8 (c) and are not listed as defenses in this Court's Pre-Trial Order, and therefore, said issues of waiver and estoppel should not be injected into the case by counsel for the Defendant at this point in time.
 "The Court considers the Motion and arguments and other matters presented by counsel for the Plaintiff and counsel for the Defendant and notes that the Pre-Trial Order lists the only defense of the Defendant as follows:
 "`B. In answer to the Complaint the Defendant generally denies the allegations thereof;'
 The Court finds that the defenses of waiver and estoppel are not made issues in the case by the Court's Pre-Trial Order and that the Plaintiff would be prejudiced if the Defendant were allowed at this point in time to inject the issues of waiver and estoppel into the case;
 "It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that the Plaintiff's Motion In Limine is granted;
 "WHEREUPON, on December 10, 1984, Defendant's counsel orally moves the Court, for the first time, to allow Defendant to amend its Answer to add the defenses of waiver and estoppel arising out of the Defendant's claim that some other tenants of the Plaintiff had not been required by the Plaintiff to operate the same hours as the Defendant was being required to operate and the Court having considered said oral Motion and the arguments of counsel for the Defendant and counsel for the Plaintiff thereon, the pleadings, issues and status of the proceedings, the specific objection of counsel for the Plaintiff that the Order for Pre-Trial Conference entered in this cause dated April 19, 1984, was entered and forwarded to all parties, that the Pre-Trial Order entered by the Court allowed a defense of general denial only and not the affirmative defenses of waiver and estoppel, which must be specially pleaded, as required by Rule 8 (c) of the Alabama Rules of Civil Procedure and other matters presented by the parties, and the Court finds that said amendment should not be allowed and that there would be undue prejudice to the Plaintiff if same were allowed;
 "It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that the Defendant's motion to amend its answer to assert the defenses of waiver and estoppel is denied;
 "WHEREUPON, the Defendant's counsel advises the Court in open court that the Defendant has no defense to the Plaintiff's claim in this action due to the fact this Court has previously ruled the lease in question was unambiguous, and due to the fact that said affirmative defenses of waiver and estoppel are not allowed and reserving his right to appeal and assign error, Defendant's counsel confesses judgment on the merits in favor of the Plaintiff and against the Defendant on the issues in the case for the premises described in the pleadings and herein. The parties agree in open court that no jury need be impaneled to render verdict but that said verdict and judgment may be rendered by the Court. The Defendant further moves the Court to set bond to stay execution and set an amount for supersedeas bond on appeal and to set a time for which execution will be stayed without filing bond and without filing supersedeas bond;
 "WHEREUPON, Plaintiff's and Defendant's counsel agree, with the consent of the court, that execution on this Order shall be stayed for a period of seven days from the date hereof without bond and that thereafter execution shall issue unless the Defendant shall post bond in the amount of $9,126.60 to stay execution until the expiration of time for appeal and that said sums shall also serve as the amount of supersedeas bond to be filed by the Defendant to stay execution upon the filing of Defendant's notice of appeal in this cause; *Page 1148 
 "And now the Defendant having confessed judgment for the Plaintiff on the merits in open court, but reserving his right to appeal, the Court enters final judgment in favor of the Plaintiff and against the Defendant on the issues in this cause;
 "It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that
 "1. The Defendant is now in possession of the premises sued for, to-wit: Space F-8B, Parkway City Shopping Center, 2801 South Memorial Parkway, Huntsville, Alabama 35801;
 "2. That said Defendant holds the said premises after its right of possession is terminated and after Plaintiff has demanded same;
 "3. That the Defendant, Arfor-Brynfield, Inc. d/b/a Germano's Gallery do forthwith deliver to the said Huntsville Mall Associates, the Plaintiff, the full and quiet possession of the following described property, to-wit: Space F-8B, Parkway City Shopping Center, 2801 South Memorial Parkway, Huntsville, Alabama 35801;
 "4. That the said Defendant remove therefrom itself, those holding under it and all of its personal property;
 "5. That the said Plaintiff do have and recover of the said Defendant possession of Space F-8B, Parkway City Shopping Center, 2801 South Memorial Parkway, Huntsville, Alabama 35801 and the cost of this proceeding for all of which let execution issue provided that execution is stayed for a period of seven days from the date of this Order as per agreement of the parties above set out but, thereafter, execution shall only be stayed by the posting of bond as above stated.
"Dated this 13th day of December, 1984.
 "/s/ S.A. Watson, Jr.
"Circuit Court Judge"
The dispositive issue on appeal is whether the trial court erred to reversal in disallowing the amendment to the tenant's answer offered for the first time on the day the case was set for trial, some seven months after a pre-trial conference was held and a pre-trial order was entered which stated that the tenant's defense was a general denial and that amendments would be allowed only to meet proof at trial of which the parties were presently unaware. The order setting the pre-trial conference cautioned:
 "PARTIES SHALL NOTE THAT THE REQUIREMENTS OF THIS ORDER ARE MANDATORY AND FAILURE TO COMPLY HEREWITH SHALL RESULT IN IMPOSITION OF SANCTIONS. PARTIES SHALL NOTE FURTHER THAT DISTRIBUTION OF THIS ORDER SHALL BE REGARDED BY THE COURT AS SUFFICIENT NOTICE UPON WHICH TO BASE DEFAULT JUDGMENT OR DISMISSAL IN THE EVENT OF A FAILURE TO APPEAR."
Three and one-half months before the case was set for trial, the owner filed the following motion in limine, specifically objecting to any reference to waiver or estoppel:
 "Plaintiff, Huntsville Mall Associates, hereby moves the Court in limine to instruct, direct, and order Defendant Arfor-Brynfield, Inc., d/b/a Germano Gallery, its witnesses and attorneys not to mention, refer to, or mention in any way, either directly or indirectly any evidence, of any form or nature, regarding any alleged waiver by Plaintiff of its right to rely on the continuous operation clause of the Lease Agreement between the parties that is the ground for evicting the Defendant or regarding any allegation that Plaintiff is estopped to rely on the continuous operation clause of the Lease Agreement between Plaintiff and Defendant as the ground for evicting Defendant in this case.
 "This motion is made upon the grounds that waiver and estoppel are affirmative defenses as listed in Rule 8 (c) of the Alabama Rules of Civil Procedure and must be specially pleaded. Such defenses were not pleaded in this case. Furthermore, *Page 1149 
the pretrial order in this case, as amended, does not provide for such affirmative defenses and states that Defendant generally denies the allegations of Plaintiff's Complaint. Therefore, any evidence regarding the alleged waiver and estoppel would violate Rule 8 of the Alabama Rules of Civil Procedure and this Court's pre-trial order, as amended.
 "WHEREFORE, Plaintiff respectfully moves the Court to order Defendant, its attorney, and every one of its witnesses not to mention during the course of the trial, through questioning of the venire, opening statement, questioning of witnesses, testimony, offering of evidence, closing argument, or remarks of any kind, any item with regard to alleged waiver or estoppel."
The tenant did not seek a modification of the pre-trial order, but waited until the day the case was set for trial to orally move for leave to amend its answer.
The pre-trial procedure established by Rule 16, A.R.Civ.P., is designed to clarify and simplify the issues to be tried. The order resulting is to control the subsequent course of the action. The drafters of the Alabama rule were mindful of the justified criticism that the federal pre-trial procedure had attracted and were committed to avoiding the wasteful and burdensome requirements of the federal pre-trial practice. Thus, the Alabama rule offers a simple procedure for defining and narrowing the issues remaining for trial. The pre-trial order is not written in stone, but it is not without meaning either. See Committee Comment, Rule 16, A.R.Civ.P. Obviously, as it is noted in the comment, pre-trial orders cannot be effective unless the judge has the right to disallow amendments to pleadings filed subsequent to the pre-trial conference, particularly where, as here, the subject matter of the proffered amendment was known to the pleader at the time of the pre-trial conference and was not then offered.
In this case, the owner asserts that the tenant breached the lease in that the tenant failed to operate its business during those hours required by the lease and set out in Section 4.3 of the lease (i.e., from 10:00 a.m. to 9:00 p.m., Monday through Saturday). The tenant conceded, in deposition and by way of answers to interrogatories and finally by confessing judgment, that he does not operate his business in accord with the operating hours required by the lease, but argues that because other tenants in the mall likewise do not comply with the identical provision in their leases, the owner has waived the operating hours requirement or is estopped to enforce it. Assuming, without deciding, that because the owner had not insisted upon strict adherence to the operating provision by other tenants, it had waived or was estopped to assert the provision against the present tenant, we cannot reverse the trial court for disallowing an amendment to the tenant's general denial offered for the first time when the case was called for trial, particularly in light of its express finding that to do so would prejudice the owner in the presentation of its case. This is not to say that it would have been error to allow the amendment. We simply leave to the discretion of the trial court the matter of amendments to pre-trial orders. As the Court noted in Huskey v. W.B. Goodwyn Co., 295 Ala. 1,321 So.2d 645 (1975), Rule 16, A.R.Civ.P., must be read in conjunction with Rules 1 and 15, A.R.Civ.P., and thus liberal allowance of amendments when justice so requires must take precedence over strict adherence to the pre-trial order in Alabama practice.
The trial court was not convinced that justice was served by allowing an amendment on the day of trial to raise matters that had been known by the amending party since the suit was filed and had not theretofore been raised. It also found that the nonmoving party would be prejudiced if the amendment was allowed. This was within the trial court's discretion, and nothing has been presented to refute these conclusions. InMetropolitan Life Ins. Co. v. Sullen, 413 So.2d 1106 (Ala. 1982), the Court affirmed a ruling by the trial court *Page 1150 
disallowing an amendment to the defendant's answer offered after entry of a pre-trial order. There we said:
 "We find no error in the trial court's decision. A pretrial order, when entered, `shall control the subsequent course of the action, unless modified at the trial to prevent manifest injustice,' Rule 16, ARCP. Although amendments are to be liberally allowed under Rule 15, trial judges have discretion to allow or refuse amendments, and should not allow them where the trial will be unduly delayed or the opposing party unduly prejudiced. . . . Although Rule 16 does not preclude amendments subsequent to `the pre-trial order, the pre-trial procedure becomes ineffective unless the trial judge has the right to disallow amendments to pleadings filed subsequent to the pre-trial hearing' [quoting Alabama Farm Bureau Mutual Casualty Ins. Co. v. Guthrie, 338 So.2d 1276, 1278-79 (Ala. 1976)].
 "The reasoning of this court in National Distillers Chemical Corporation v. American Laubscher Corporation, 338 So.2d 1269 (Ala. 1976), cited by Metropolitan, does not indicate a contrary result. In both this case and National Distillers, we affirm the trial court's decision on amendment, a matter within its discretion. . . . Here it was within the trial court's discretion to find the amendment would cause undue prejudice."
413 So.2d at 1108.
Also similar is Alabama Farm Bureau Mutual Casualty Ins. Co.v. Guthrie, 338 So.2d 1276 (Ala. 1976), where a defendant attempted to amend its pleading to include additional affirmative defenses. Those pleas were stricken by the trial court. On appeal, this Court held:
 "[T]he pre-trial conference was held eight months after the complaints were filed. At the pre-trial conference, the parties outlined their respective theories. Approximately five months later, during the trial, Farm Bureau attempted to raise additional theories of defense. Under ARCP 16, the trial judge restricted Farm Bureau to the use of the defenses it asserted at the pre-trial conference. Although the purpose of Rule 16 is not to disallow automatically post pre-trial amendments, the pre-trial procedure becomes ineffective unless the trial judge has the right to disallow amendments to pleadings filed subsequent to the pre-trial hearing. We find no prejudicial error in the refusal of the trial judge to permit the amendment of defendant's pleadings here."
338 So.2d at 1278-79. See, also, Vernon Carpet Mills v.Rossville Spinning Corporation, 344 So.2d 1205 (Ala. 1977);Dillon v. Nix, 55 Ala. App. 611, 318 So.2d 308 (1975).
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, and BEATTY, JJ., concur.