ADAMS, Justice.
The issue presented by this petition for writ of mandamus is whether the trial court abused its discretion in refusing to extend the discovery deadline and in disallowing certain amendments to the complaints. We hold that, under the facts of this case, it did not, and we deny the petition.
Plaintiffs/petitioners, John Loper, Enei-da Loper, Ralph Trawick, Conrad Consalvi, Loren Parker, Deborah Parker, Reginald Loper, Kirby Jean Loper, Mildred Byrd, Gary Byrd, Earl Sullivan, and Virginia Sullivan, have requested a writ of mandamus directed to the Honorable Michael G. Zogh-by of the Circuit Court of Mobile County. The petitioners áre all homeowners who reside adjacent to or near a solid waste landfill in Eight Mile, Alabama. The petitioners filed seven separate lawsuits in August 1986 against the defendants/respondents, Lee Jackson, James Jackson, Helen Jackson, Southside Storage, Campbell Con *30 struction Engineering, Inc., BFI, Scott Paper Company, and International Paper Company. The respondents were either owners or operators of the landfill.
The petitioners contend that the respondents contributed to the waste stream entering the landfill, and, that as a result, the petitioners were subjected to noxious and offensive odors and their property was exposed to a continuing nuisance and trespass that devalued their houses. The seven lawsuits were consolidated for discovery purposes on February 13, 1987.
A pre-trial conference was held on January 7, 1988. On January 11, 1988, the trial court entered a pre-trial order setting forth the following discovery deadlines:
(1) All discovery was to be completed within 150 days (on or before June 7, 1988);
(2) All plaintiffs’ experts were to be identified within 90 days (on or before April 7, 1988);
(3) All defendants’ experts were to be identified within 120 days (on or before May 7, 1988);
(4) All pleadings were to be filed within 150 days (on or before June 7, 1988).
A myriad of interrogatories was filed by all parties before and after the pretrial order. The respondents took the depositions of all the petitioners and of petitioners’ appraisal expert. However, from the date of the filing of the complaints in late summer 1986, until the discovery deadline on June 7, 1988, a period of almost two years, the petitioners did not take one deposition.
After inactivity by the petitioners during the time set by the trial court for discovery and the expiration of discovery deadlines, the petitioners filed various motions to extend the discovery period and to allow them to amend their complaints by adding parties and several new causes of action. After hearing oral argument on those motions, the trial court denied the petitioners’ motion to extend the discovery deadline, their motion to substitute fictitiously named parties, their motion to amend their expert witness list, and their motion to amend the complaint. Thereafter, the petitioners filed this petition for writ of mandamus.
The petitioners contend that they were entitled to an extension of the original discovery deadline for several reasons. First, the petitioners contend that an extension of the deadline should have been allowed under the Alabama policy of liberal amendments to pre-trial orders where no actual prejudice or undue delay would result. Second, the petitioners argue that the imposition of the trial court’s original discovery deadline was arbitrary. Third, the petitioners argue that discovery abuses by defendant International Paper Company warranted an extension of the discovery deadline. Finally, the petitioners argue that the failure of the Jackson defendants to timely file supplemental discovery responses to the petitioners’ initial discovery request constituted an abuse of the discovery process justifying an extension of the discovery deadline.
The respondents argue, because the petitioners did not complete any discovery pri- or to the expiration of the discovery deadlines, that the petitioners were essentially seeking to recommence their lawsuits by extending the discovery deadlines and by amending their complaints to add new defendants and new causes of action. The respondents argue that if the petitioners were permitted to extend the discovery deadlines and add additional defenses and new causes of action, they would be forced to put forth new defenses, identify additional experts, conduct additional discovery, and essentially begin their defense of the case all over again. We agree with the respondents.
The basis for pre-trial orders was aptly stated by Justice Shores in the case of Arfor-Brynfield, Inc. v. Huntsville Mall Associates, 479 So.2d 1146 (Ala.1985):
*31 “The pre-trial procedure established by Rule 16, A.R.Civ.P., is designed to clarify and simplify the issues to be tried. The order resulting is to control the subsequent course of the action. The drafters of the Alabama rule were mindful of the justified criticism that the federal pre-trial procedure had attracted and were committed to avoiding the wasteful and burdensome requirements of the federal pretrial practice. Thus, the Alabama rule offers a simple procedure for defining and narrowing the issues remaining for trial. The pre-trial order is not written in stone, but it is not without meaning either. See Committee Comment, Rule 16, A.R.Civ.P. Obviously, as it is noted in the comment, pre-trial orders cannot be effective unless the judge has the right to disallow amendments to pleadings filed subsequent to the pre-trial conference, particularly where, as here, the subject matter of the proffered amendment ,was known to the pleader at the time of the pre-trial conference and was not then offered.”
479 So.2d at 1149.
Trial judges have the discretion to allow or to refuse to allow amendments to pre-trial orders. Id. at 1146. See also Alford v. State Farm Fire & Casualty Co., 496 So.2d 19 (Ala.1986). Moreover, the trial court should not allow amendments to pre-trial orders where the trial will be unduly delayed or the opposing party unduly prejudiced. Metropolitan Life Insurance Co. v. Sullen, 413 So.2d 1106 (Ala.1982). “Although Rule 16 does not preclude amendments subsequent to the pre-trial order, ‘the pre-trial procedure becomes ineffective unless the trial judge has the right to disallow amendments to pleadings filed subsequent to the pre-trial hearing.’ ” Metropolitan Life, 413 So.2d at 1108 (quoting Alabama Farm Bureau Mutual Casualty Insurance Co. v. Guthrie, 338 So.2d 1276, 1278-79 (Ala.1976)).
Petitioners argue that because of a delay in the production of documents by International Paper Company and the failure of the Jackson defendants to supplement their responses, they were unable, within the timeframe set forth in the pretrial order, to amend their complaints to add allegations regarding the presence of methane gas. However, a review of the record reveals, and the petitioners readily admit, that the issue of methane gas was documented by Alabama Department of Environmental Management records that were already in the petitioners’ possession before the discovery deadline.
These seven factually complex cases were consolidated specifically for discovery purposes for the convenience of the parties. The trial judge entered a pre-trial order to control the course of the litigation and to clarify and simplify the issues to be tried. The spirit of Rule 16 would be seriously undermined and that rule would be ineffective if the trial judge did not have the right to disallow amendments to pleadings filed after the pre-trial order. Metropolitan Life, supra.
As we stated in Arfor-Brynfield, Inc. v. Huntsville Mall, supra, it would not have been error for the trial court to allow the amendments. The trial court, however, properly exercised its discretion in refusing to allow the amendment of the pre-trial order. Accordingly, the writ of mandamus must be, and it hereby is, denied.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.