THIGPEN, Judge.
This case was commenced as a workmen’s compensation claim by Deborah D. McElha-ney against McKeehan Hosiery Mills, Inc. Ultimately, the parties entered into a settlement agreement and the trial court conducted a hearing to approve the agreement. The approved agreement expressly reserved MeElhaney’s right to pursue a claim for wrongful discharge against McKeehan. Subsequent to the settlement hearing and on the same date the judgement was entered, MeE-lhaney filed an amended complaint to add a count for wrongful discharge. The trial court refused to allow McElhaney’s amendment. Hence, this appeal.
Rule 15, A.R.Civ.P., allows a party to amend a pleading without leave of court at any time before the first setting of the case for trial, or thereafter, “only by leave of court, and leave shall be given only upon a showing of good cause.” Whether to allow or disallow amendments pursuant to Rule 15, A.R.Civ.P., is a matter that lies soundly within the discretion of the trial court. Government Street Lumber Co. v. AmSouth Bank, 553 So.2d 68 (Ala.1989).
In the instant case, MeElhaney attempted to amend her complaint to add the retaliatory discharge claim after the settlement hearing and on the same date the judgment was entered. There is nothing to indicate that MeElhaney requested or was granted leave of court for such amendment.
Our Supreme Court has consistently affirmed judgments of trial courts that refused to allow amendments filed after the cases were set for trial and without leave of court. See e.g., Government, supra; Robinson v. Kierce, 513 So.2d 1005 (Ala.1987); Arfor-Brynfield, Inc. v. Huntsville Mall Associates, 479 So.2d 1146 (Ala.1985); Metropolitan Life Ins. Co. v. Sullen, 413 So.2d 1106 (Ala.1982); Burge v. Jefferson County, 409 So.2d 800 (Ala.1982); Alabama Farm Bureau Mutual Casualty Insurance Co. v. Guthrie, 338 So.2d 1276 (Ala.1976).
The trial court was acting within its discretionary authority when it disallowed the amendment, and we find no abuse of discretion in that decision which would warrant reversal. We are mindful of th'e argument that judicial economy would be served by allowing such amendments so as to dispense with the necessity of filing another action or paying another filing fee; however, to allow an amendment at such a late date would expose Rule 15 to widespread abuse, militate against the finality of the proceedings, and jeopardize the discretion of the trial court. Apparently, the trial court was not convinced that justice would be served by allowing an amendment, subsequent to the settlement hearing and on the day the judgment was entered, to raise a matter that had been known by the amending party and considered in prior settlement negotiations. Ac *927 cordingly, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., dissents.