CRAWLEY, Judge.
In September 1995, David L. Damron sued Associates Financial Services Company of Alabama, Inc., and Hilton Mortgage Company, alleging violations of Ala.Code 1975, § 5-19-4(g), a provision of the Mini-Code, and a conspiracy to violate the Mini-Code. Dam-ron amended his complaint to allege fraudulent suppression. Associates and Hilton filed a motion for summary judgment. Damron then filed a motion to amend his complaint to allege fraudulent misrepresentation. Associates and Hilton objected to that amendment as untimely, and the court disallowed the amendment. The trial court entered a summary judgment for Associates and Hilton on all the claims. Damron appealed to the supreme court, which transferred the case to this court pursuant to Ala.Code 1975, § 12-2-7(6).
A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989), and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for a discussion of the application of the substantial evidence rule.
Damron first argues that the trial court erred by not allowing him to amend his complaint to allege fraudulent misrepresentation. The grant or denial of a motion to amend a pleading is within the discretion of the trial court. Hayes v. Payne, 523 So.2d 333 (Ala.1987); McElhaney v. McKeehan Hosiery Mills, Inc., 628 So.2d 925 (Ala.Civ.App.1993). Rule 15(a), Ala.R.Civ.P., provides:
“[A] party may amend a pleading without leave of court ... at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires. Thereafter, a party may amend a pleading only by leave of court, and leave shall be given only upon a showing of good cause.”
Damron filed his motion to amend after Associates and Hilton had filed their motion for summary judgment, and less than two weeks before the ease was set for trial. The Committee Comments to Rule 15(a) (August 1, 1992, amendment) state that that rule “anticipates that such an amendment will not be allowed as a matter of course.” Damron argues that the fraudulent misrepresentation claim arises from the facts already alleged and that allowing the amendment would not prejudice Associates and Hilton, and, therefore, that his amendment should have been granted. Damron filed the motion to amend almost one year after he had filed his complaint. Our supreme court has held that “undue delay in filing an amendment, when it could have been filed earlier based on the information available or discoverable, is in itself ground for denying an amendment.” Puckett, Taul, & Underwood, Inc. v. Schreiber Corp., 551 So.2d 979, 984 (Ala.1989) (citing Stallings v. Angelica Uniform Co., 388 So.2d 942, 947 (Ala.1980)). We conclude that the trial court did not abuse its discretion by denying the motion to amend.
Damron next argues that the trial court erred in holding that the Mini-Code does not apply to the transaction. The trial court stated in its summary judgment for Associates and Hilton that the transaction at issue was primarily a commercial transaction, not a consumer transaction, and, therefore, that the Mini-Code provisions do not apply.
*1148 Damron argues that Associates and Hilton violated § 5-19-4(g) by charging excess “points” on his loan. Section 5-19-4(g) unambiguously . applies to consumer credit transactions. Section 6-19-1(2) defines “Consumer”:
“When used as an adjective with reference to a credit transaction, [the word ‘consumer’] characterizes the credit transaction as one in which the party to whom credit is extended is a natural person and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.”
(Emphasis added.) It is undisputed that Damron obtained the loan to refinance his commercial trailer park and to consolidate certain personal debts. It is further undisputed that more than two-thirds of the loan proceeds were used for the refinancing and that less than one-third were used for personal debts.
No Alabama cases have addressed the applicability of the Mini-Code to a loan used both for consumer and commercial purposes. The Federal Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., has an almost identical definition of “consumer.” Section 1602(h) states:
“The adjective ‘consumer,’ used with reference to a credit transaction, characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.”
(Emphasis added.) If the loan is not “primarily for personal, family, or household purposes,” then the Truth-in-Lending Act does not apply and a summary judgment for the creditor is proper. Gombosi v. Carteret Mortgage Corp., 894 F.Supp. 176 (E.D.Pa.1995) (undisputed evidence that less than $5,000 of a $100,000 loan went to personal expenses; remaining balance was for business expenses).
Because the evidence is undisputed that more than two-thirds of the loan was used for commercial purposes (the refinancing of the commercial trailer park), we conclude that the loan was “primarily” used for commercial purposes. The trial court properly entered the summary judgment for Associates and Hilton.
AFFIRMED.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., and MONROE, J., concur in the result.