Because the first two "Issues Presented" were not properly preserved for review on the merits, and because the third and last issue relates only to the procedure for assessing attorney's fees, neither a statement of the case nor a statement of the facts is necessary to our opinion.
As to the evidentiary issue, initially raised in the trial court by the Appellant's motion in limine, we find the record totally devoid of any objection or adverse ruling when the matter earlier challenged by the motion was offered and received in evidence at trial. Furthermore, in face of the trial court's comment, in ruling upon the motion in limine, that the challenged evidence was admissible for a limited purpose, no limiting instructions were requested either at the motion in limine hearing or at the time of trial.
We hold, therefore, that an appellant who suffers an adverse ruling on a motion to exclude evidence (or other matters, e.g., argument of counsel), made in limine, preserves this adverse ruling for post-judgment and appellate review only if he objects to the introduction of the proffered evidence or other matters and assigns specific grounds therefor at the time of trial, unless he has obtained express acquiescence of the trial judge that such subsequent objection to evidence proffered at trial and assignment of grounds therefor are not necessary. See C. Gamble, The Motion in Limine: A Pretrial Procedure That HasCome of Age, 33 Ala.L.Rev. 1 (1981).
Here, because the evidence was admissible, albeit for a limited and qualified purpose, and the trial judge so indicated in denying the motion in limine (thus rendering unfeasible the latter condition set out above, i.e., obtaining the trial judge's express acquiescence), it was incumbent upon Appellant to register his objection and assign grounds therefor in order to preserve the alleged error for review. A.R.Civ.P. 46. For an excellent discussion for the motion in limine and its application to specifically proffered evidence, see, also,Banner Welders, Inc. v. Knighton, 425 So.2d 441 (Ala. 1982). *Page 937 
The Supreme Court of Indiana, in addressing this identical issue, observed:
 "For instructive purposes it should be noted at this point that it is not the office of a motion in limine
to obtain a final ruling upon the ultimate admissibility of evidence as was sought by appellant, but [it] is rather to prevent the proponent of potentially prejudicial matter from displaying it to the jury, making statements about it before the jury, or presenting the matter to a jury in any manner until the trial court has ruled upon its admissibility in the context of the trial itself." Lagenour v. State, 268 Ind. 441, 376 N.E.2d 475
(1978). See, also, Hartford Accident and Indemnity Company v. McCardell, 369 S.W.2d 331 (Tex. 1963); Jackson v. State, 108 Ga. App. 529, 133 S.E.2d 436
(1963).
As to the allegation of error with respect to the trial court's oral jury instruction, we hold that where a party submits to the court a statement of the applicable foreign law (A.R.Civ.P. 44.1), and the court substantially follows that statement in instructing the jury, the party submitting the statement cannot then claim error in the giving of that instruction. We quote from the record the trial court's remark immediately following counsel's objection:
 "I note your exception. Just for the record, as to the [challenged instruction], I did read that out of your brief. I read it word for word."
It is axiomatic that, under the "invited error" rule, a party cannot seek reversal upon alleged error induced by him. StateFarm Mutual Automobile Insurance Co. v. Humphres, 293 Ala. 413,304 So.2d 573, 577 (1974).
The Appellant's final allegation of error, with respect to the award of attorney's fees pursuant to the applicable Florida statute (under which the case was tried by consent of the parties), was properly preserved for review. Although we agree with the Appellees that Appellant's objections to the evidence regarding attorney's fees were general in nature, and thus insufficient as a predicate for challenging admissibility, we believe the larger question of the propriety of the court's allowance of an attorney's fee as part of the jury's verdict was properly preserved through Appellant's objections, with specific grounds assigned therefor, to the trial court's jury instructions.
While we reject Appellant's argument that the statutory use of the term "courts of this state" precludes an Alabama court from awarding attorney's fees (see Carr v. American UniversalInsurance Company, 341 F.2d 220 (6th Cir. 1965)), we agree with Appellant's alternative argument that the plain wording of §627.428 of the Florida Statutes makes the award of attorney's fees a court function and not a function of the jury.
Because of this error, that portion of the judgment awarding attorney's fees is reversed and this cause is remanded for a hearing before the trial court for determination of attorney's fees for the trial, as well as for the appeal, of this case. For the applicable guidelines under Florida law in the setting of attorney's fees in such matters, see Gibson v. Walker,380 So.2d 531 (Fla.Dist.Ct.App. 1980).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
MADDOX, JONES, EMBRY, BEATTY and ADAMS, JJ., concur.