A jury found for the defendant, James B. Kierce, in this action brought by Carl R. Robinson. Robinson appeals. We affirm.
The first issue presented for review is whether the trial court erred to reversal in not permitting Robinson to amend his complaint on the day of trial. This suit was filed September 14, 1981. The case was set for hearing on all motions on June 9, 1982. The complaint contained a single count claiming fraud. A motion to dismiss was overruled, but Robinson was required to plead fraud with more specificity. The first amendment to the complaint was filed on June 23, 1982, and stated only a fraud claim. On October 13, 1983, the case was set for trial during the week of February 6 or February 13, 1984, "or as soon thereafter as a civil jury is available." On March 13, 1984, the case was continued. The case was set on August 27, 1984, and was continued to October 15, 1984. The case was set for August 1985, but continued to be reset. The case was finally set for November 4, 1985. After the case was set, Robinson, on October 25, 1985, filed an amendment to his complaint without leave of court. The amended claim for recovery was based on fraud and mispresentation. On November 1, 1985 (three days before trial) another amendment to the complaint was filed alleging negligence and amending the ad damnum to $3.5 million. After the case was called for trial, a further amendment of the complaint was served in open court alleging fraud. On the same day, a further amendment was filed containing four counts. Count one was a fraud count. Count two alleged that Kierce exceeded the authority given him by his client (the former Mrs. Robinson, a defendant in this action) with regard to settlement of a matter regarding farm property in Morgan County, Alabama. Count three alleged that Kierce's petition for an attorney fee, out of the sale proceeds of the Morgan County property, was an abuse of process of the court to "extract or extort money" from Robinson. Count four alleged that Kierce was negligent toward his former client, Mrs. Robinson. Kierce made an oral motion to strike this amendment on the grounds that the amendment came too late and prevented Kierce from having a fair and impartial trial, and to prepare for defense in light of the new and additional claims; Kierce also based his motion on Robinson's having failed to comply with Rule 15, Ala.R.Civ.P., by not obtaining leave of court to file the amendment; and Kierce assigned lack of diligence on the part of Robinson as an additional ground for his motion to strike. The trial court granted Kierce's motion to strike as to all counts except count one, which alleged fraud and misrepresentation. In this appeal, Robinson claims that the trial court erred to reversal by not allowing the amendment claiming abuse of process.
Rule 15(a), Ala.R.Civ.P., in pertinent part provides as follows:
 "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend at any time within thirty (30) days after it is served. Otherwise, a party may amend his pleading without leave of court but subject to disallowance on the court's own motion or motion to strike of an adverse party; but such amendments shall be freely allowed when justice so requires."
This is what is before this Court.[1]
In Alabama Farm Bureau Mutual Casualty Insurance Co. v.Guthrie, 338 So.2d 1276 (Ala. 1976), this Court said: *Page 1007 
 "Under Rule 15, the trial judges must be given discretion to allow or refuse amendments. This Court has held that amendments are to be freely allowed and that their refusal must be based on a valid ground. Liberality of amendment does not include a situation where the trial on the issues will be unduly delayed or the opposing party unduly prejudiced." (Emphasis supplied).
The trial court did not abuse its discretion in striking the abuse of process count under the facts herein before set out. See Alabama Farm Bureau Mutual Casualty Insurance Co. v.Guthrie, supra; Burge v. Jefferson County, 409 So.2d 800 (Ala. 1982); Arfor-Brynfield, Inc. v. Huntsville Mall Associates,479 So.2d 1146 (Ala. 1985); Metropolitan Life Ins. Co. v. Sullen,413 So.2d 1106 (Ala. 1982); Stead v. Blue Cross-Blue Shield ofAlabama, 294 Ala. 3, 310 So.2d 469 (1975).
Robinson next contends that the trial court erred to reversal in not allowing evidence of a lawsuit by one Robert Weaver against Ester Robinson, a defendant below, involving Weaver's real estate commission on the sale of the property that is the basis for this fraud action against Kierce. This evidence was tendered to show Kierce's design and intent. The filing of a lawsuit, even as between the parties to a case, raises no presumption of any sort, certainly not a presumption of wrongdoing against one who was not a party to the lawsuit. The fact that Weaver filed a case against Ester Robinson, who is not a party to this appeal, could not possibly have any evidentiary value to prove intent or design on the part of Kierce. The complaint in a lawsuit is no more than the means of commencing an action, and the mere filing thereof does not import verity, even in the proceeding in which it was filed. A certain degree of proof is required before a plaintiff can recover. The idea that a complaint filed in one action can be introduced in another action to establish the truthfulness of the allegations in the complaint transcends our established rules of evidence. The trial court did not err in excluding this evidence.
Robinson next contends that the trial court erred to reversal in allowing the divorce decree in the divorce action between Ester Robinson and Robinson, which contained highly prejudicial matters, to go to the jury without making the deletions requested by Robinson. There is no support for this contention in the record. In response to Robinson's motion in limine, objectionable portions of the divorce decree were obliterated and an expurgated copy of the decree designated as Defendant's Exhibit No. 5, was substituted for the original and was received into evidence without objection. Kierce contended that the original, unexpurgated copy of the decree should go to the jury. The following transpired:
 "THE COURT: Why don't you just put in the — you can make an evidentiary showing if you want to, or you can put in the record solely for the purpose of this matter the divorce decree. I don't want the divorce decree to go into the record as evidence for the jury to see, but you can put it in the record for the purpose of this hearing.
 "MR. CONERLY: Well, in order to make the record clear, we would offer the divorce decree itself and with the Court with respect to that you want it marked or offered, or how do you want it handled?
 "THE COURT: Let's mark it Exhibit A. And let's make sure the court reporter understands that that is not to go to the jury, but it is to be retained as part of the record.
"Are you offering it?
"MR. CONERLY: Yes, sir.
"THE COURT: It is admitted for that purpose.
 "MR. CONERLY: And does Your Honor understand and intend the way to handle it, the way we are handling this is that it preserves our position with respect to the admissibility of the divorce *Page 1008 
decree in evidence in the case at this state. In other words, you —
 "THE COURT: Otherwise, the divorce decree is not yet admissible in evidence in this case, only is admissible for the purpose of this hearing out of the presence of the jury. But it will not go to the jury unless for some reason down the road, which is not foreseen yet, it becomes admissible and is admitted into evidence in the case that will go to the jury.
 "MR. CONERLY: In other words, you are saying that at this point you would sustain an objection to an offer of the divorce decree if the jury were here?
 "THE COURT: That's correct. You're not waiving your objection.
 "MR. CONERLY: And I don't have to make an offer in the presence of the jury." (Emphasis supplied.)
The record reveals that Exhibit A was identified as "COURT'S EXHIBIT A." Clearly marked on this was the notation "Not to go to jury." There is nothing in the record to show that Exhibit A did go to the jury except the following in the motion for new trial:
 "(6) The Court committed error in allowing the divorce decree to be submitted to the jury in that the decree admittedly contained highly prejudicial matters. It was represented to the Court that various deletions had been made and the Court and plaintiff's counsel were of the opinion that these deletions had been made and the divorce decree as offered by defendant's counsel was not the same divorce decree in which deletions by the Court Reporter had been made."
This is not supported by any affidavit or testimony that appears in the record. The trial court did not grant the motion for a new trial, and we will not assume that the matter that was so carefully dealt with by the court and counsel for Kierce led to some misunderstanding or accident that permitted Exhibit A to go to the jury. The burden was on Robinson to show that this did happen, and he has not met that burden.
Robinson next contends that the trial court erred in denying his motion in limine to prevent introduction of evidence of lawsuits filed by Robinson, a practicing attorney; he says this evidence was prejudicial to him.
On the day of trial, Robinson filed an amended motion in limine in which he sought to exclude the following:
 "Evidence of any litigation filed by or against Carl Ray Robinson not related to his divorce action or matters in this law suit; as, said evidence would be immaterial, irrelevant, confuse the issues and be unduly prejudicial."
During the hearing of the motion, the trial court made the following observation:
 "Well, I think they're entitled to show that [Robinson's] got a law degree and that he's been in court a lot of times. That he is not only well-educated in the law, but experienced in the practice of it, and is experienced in litigation. And they're entitled to do that, because one of the key issues in a fraud case is reliance by the plaintiff. And the issue would be, did he rely on what you have alleged to be a misrepresentation. That brings into question his sophistication in what he knew, and to what extent, based on his background and knowledge, and experience, would he rely on something like that. Would it be reasonable for him to rely on it?
 "And I agree with you [Robinson's attorney], we do not want to get into the details of all these other lawsuits. And we don't want to embarrass him by what might have been the subject matter of some of them. And, I think it would be appropriate for them to show that he knows his way around the courtroom and that he knows his way around the halls outside of the courtroom."
"ROBINSON'S ATTORNEY: All right, sir."
At this point, Robinson's attorney discussed another matter, which is not before us.
In his opening statement to the jury, Robinson's attorney stated: "There may be *Page 1009 
evidence introduced as to various lawsuits that he [Robinson] has participated in, lawsuits where he has been sued because his interests are varied, as you can imagine. And so, Dr. Robinson is no stranger to litigation, and he certainly doesn't back off from it. "
 Later in his opening statement, he added: "Much is going to be said to you about the fact that Dr. Robinson knows how to file suits. And, he is a lawyer, and he does know his way around a courthouse."
On cross-examination of Robinson, he was asked about a number of lawsuits that he had filed. No objection was interposed to the questions asked with reference to Robinson's previous litigation. Robinson failed to preserve any right of review by failing to object to the testimony when it was offered.
In Liberty National Life Insurance Co. v. Beasley,466 So.2d 935 (Ala. 1985), this Court held as follows:
 "We hold, therefore, that an appellant who suffers an adverse ruling on a motion to exclude evidence (or other matters, e.g., argument of counsel), made in limine, preserves this adverse ruling for post-judgment and appellate review only if he objects to the introduction of the proffered evidence or other matters and assigns specific grounds therefore at the time of trial, unless he has obtained express acquiescence of the trial judge that such subsequent objection to evidence proffered at trial and assignment of grounds therefore are not necessary. See C. Gamble, The Motion in Limine: A Pretrial Procedure That Has Come of Age, 33 Ala. L. Rev. 1 (1981).
 "Here, because the evidence was admissible, albeit for a limited and qualified purpose, and the trial judge so indicated in denying the motion in limine (thus rendering unfeasible the latter condition set out above, i.e., obtaining the trial judge's express acquiescence), it was incumbent upon Appellant to register his objection and assign grounds therefore in order to preserve the alleged error for review. A.R.Civ.P. 46. For an excellent discussion [of] the motion in limine and its application to specifically proffered evidence, see, also, Banner Welders, Inc. v. Knighton, 425 So.2d 441 (Ala. 1982)." (Emphasis supplied.)
466 So.2d at 936.
In the case of Murray v. Alabama Power Co., 413 So.2d 1109
(Ala. 1982), we dealt with a similar situation where the appellant presented a motion in limine to the trial court to prevent the mention of the plaintiff's remarriage, contending that it would be prejudicial and irrelevant to the lawsuit. The motion was denied. During voir dire examination of the jury, counsel asked the prospective jurors of their acquaintance with the plaintiff's present husband, Barrett. Holding that there was no reversible error, we dealt with the matter, in part, by stating the following:
 "First, at the time this question was put to the jury, the appellant failed to raise any objection. Thus, the trial court was not called upon to make a ruling as to the propriety of the question and no question was preserved for review."
We have consistently followed what appears to be the majority rule as indicated by Dean Charles W. Gamble, in his article entitled "The Motion in Limine: A Pre-trial Procedure That Has Come of Age," 33 Ala. L. Rev. 1 (1981). Robinson is in no position to claim error, because of his failure to obtain express acquiescence of the trial judge to the effect that subsequent objection to evidence proffered at trial and assignment of grounds therefor were not necessary.
In Baxter v. Surgical Clinic of Anniston, P.A., 495 So.2d 652
(Ala. 1986), we referred to Liberty National Life Insurance Co.v. Beasley, supra, and pointed out that where a motion in limine is denied and the subject evidence is introduced at trial without objection, there is no right to appeal from the court's ruling on the motion, since, under such circumstances, the error is waived unless the trial court clearly indicates that subsequent objection to such evidence is not necessary. The contention presented by Robinson is that the trial court erred in denying his motion in limine. *Page 1010 
Therefore, since Robinson did not object to the evidence that he sought to exclude when it was proffered and did not obtain an express acquiescence by the trial court that such objections were not necessary, error, if any, in denying the motion is waived.
We also note that Robinson brought to the attention of the jury (in his opening statement) the very matter objected to a few minutes before. The trial court, according to pre-trial statements, agreed with Kierce that the testimony was admissible on the issue of reliance. Indeed, the courts have long recognized that great latitude is due to be permitted in the introduction of evidence in cases involving fraud. Where a question of fraud is involved, great latitude is ordinarily permitted in introduction of evidence, either to prove or disprove the fraud, although such latitude does not extend to allowing the introduction of evidence wholly immaterial or foreign to the issues, or irrelevant to the transaction involved, or of evidence otherwise in confidence.
 "Subject to this qualification, it is proper to admit any evidence, either direct or circumstantial, which is otherwise competent and which in the opinion of the court has a legitimate tendency to prove or disprove the allegations in issue, the matter resting largely in the discretion of the trial court." 37 C.J.S. Fraud § 104 (1943). (Emphasis added.)
No case has been cited to us, nor has our independent research revealed an Alabama case, dealing with the question of the relevancy of an offer of evidence to prove litigiousness of a plaintiff who has brought many lawsuits. The following appears in C. Gamble, McElroy's Alabama Evidence, § 70.04, at 173-74 (3d ed. 1977):
 "The Alabama courts have not yet squarely faced the question now under discussion. It is desirable that the trial court have the discretion to admit proof that the plaintiff has made numerous claims for tortious injuries, without proving that any of the claims were false. All the stronger is the desirability that the trial court have the discretion to admit such proof when the defendant proposes to show the falsity of such other claims. The primary arguments against admissibility are confusion of the issues and undue consumption of time, both of which assume an incompetency in jurors that doesn't exist and overlook the old adage that 'Nobody but the devil is in a hurry.' "
This need not be reached to dispose of this issue; and Judge McElroy wrote the last sentence of the quote in a less hurried time for more leisured bench and bar.
Robinson contends that the following portion of the trial court's oral charge, which was duly excepted to by him is erroneous:
 "I want to make it clear to you because the Court of Appeals ruled the way they did, because they denied him the right to get that $45,000. That in no way means he committed a legal fraud. . . . [I]t in no way represented a determination by the Court of Appeals as to the issue presented to you today; that is, whether or not civil fraud was committed by Mr. Kierce as has been charged by Mr. Robinson. . . . [D]on't understand it to say or misread it to say in any way that Mr. Kierce is guilty of any sort of civil fraud, even though some of the language may sound similar to what I said." (R. 1122-23).
Kierce had requested the following written charge, which was refused by the trial court:
 "5. The Court charges you that there is no inference that the plaintiff, Carl Ray Robinson, is entitled to recover a verdict against the defendant, James B. Kierce, Jr., arising out of the fact that the Court of Civil Appeals of the State of Alabama reversed and rendered the decision of the Circuit Court of the Tenth Judicial Circuit, Bessemer Division, with respect to such Circuit Court's action and judgment awarding an attorney's fee to Ester Robinson on January 25, 1981."
The subject matter of this refused written charge was covered in the trial court's oral charge, to which Robinson excepted. *Page 1011 
The gravamen of Robinson's claim of fraud was that Kierce had assured Robinson that Kierce's attorney fee would be paid out of $425,000 Robinson paid to Kierce's client, Ester Robinson, and that thereafter Kierce filed a motion for an award of an attorney fee and a fee of $45,000 was allowed to Kierce against Robinson. This decree was the subject matter of an appeal to the Alabama Court of Civil Appeals, and the Court of Appeals reversed, holding that the attorney fee could not be awarded under the circumstances involved. See, Robinson v. Robinson,410 So.2d 426 (Ala.Civ.App. 1981).
This opinion of the Court of Civil Appeals was the subject of much discussion in the testimony presented in this case, and the opinion was offered in evidence as Kierce's Exhibit 4. The portion of the trial court's charge with respect to the opinion was simply to instruct the jury that the opinion in evidence did not amount to a finding by the Court of Civil Appeals that Kierce was guilty of fraud with respect to the transaction surrounding the attorney fee. We agree. The opinion inRobinson v. Robinson, supra, was received into evidence without objection. The jury could read the opinion and see that it did not find Kierce guilty of fraud. The elements of fraud were fully detailed for the jury in the trial court's oral charge, without exception or objection from Robinson.
There was no reversible error in the trial court's giving the charge, in light of the evidence introduced and under the circumstances herein set out.
There is no reversible error and the judgment should be affirmed.
AFFIRMED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.
[1] Robinson's first issue is whether the trial court erred in refusing to allow him to amend his complaint to conform to the evidence; such an amendment would be governed by Rule 15(b).