James Arvel Hill was found guilty by a jury in Tuscaloosa County of one count of rape in the first degree and two counts of sexual abuse in the second degree. On appeal, the Court of Criminal Appeals affirmed, without opinion. 541 So.2d 83. We granted certiorari to consider whether it is proper to allow expert testimony from social workers with respect to the credibility of sexually abused victims. We hold that it is, and we affirm.
The facts of the case show that one of the alleged victims had recanted before the trial, and a tape of her recorded story was introduced at trial, but she also changed back and told her original story. In addition, the trial court allowed social workers Sharon Whitfield and Virginia Glicken to be qualified as expert witnesses on this issue over the objection of defense counsel. Whitfield was allowed to testify that it was not unusual for an adolescent to recant a complaint alleging sexual abuse. Glicken, who had never met the parties involved, testified that teenagers and children in general do not fabricate episodes of sexual abuse and that delay in reporting is normal.
The defendant contends that Whitfield and Glicken were not competent to testify as to the issue. "The question of the competency of a particular witness to testify as an expert is addressed primarily to the trial court. In the absence of abuse of discretion vested in the trial court, we cannot supplant its judgment by our own, even if it were otherwise." Allen v.State, 472 So.2d 1122, 1126 (Ala.Cr.App. 1985) (citations omitted). We have examined the record, and we conclude that the trial judge properly ruled that the social workers were qualified to testify as experts on this sexual abuse issue.
The defendant timely and properly objected to the "experts'" testimony. The *Page 1139 
defendant asserts that it was prejudicial to allow the social workers to give testimony on "recantation" because, he argues, such testimony was not outside the knowledge of the average lay person and this could have been viewed by the jury as vouching for the credibility of the prosecutrix, and thus invaded the province of the jury.
In order for expert testimony to be helpful to the trier of fact and thereby be admissible, the subject matter must be beyond the ken of the average juror. Thompson v. Jarrell,460 So.2d 148, 151 (Ala. 1984) (citations omitted). Thus, where expert testimony will enable the lay juror to appropriately draw conclusions from evidence that it is beyond his or her normal experience, that testimony is admissible.
The defendant relies on the case of Commonwealth v. Seese,512 Pa. 439, 517 A.2d 920 (1986), wherein the court said:
 "For example, if testimony as to the veracity of various classes of people on particular subjects were to be permitted as evidence, one could imagine an 'expert' testifying as to the veracity of the elderly, various ethnic groups, members of different religious faiths, persons employed in various trades and professions, etc. Such testimony, admitted as evidence, would encourage jurors to shift their focus from determining the credibility of the particular witness who testified at trial, allowing them instead to defer to the so-called 'expert' assessment of the truthfulness of the class of people of which the particular witness is a member. In addition, such testimony would imbue the opinions of 'experts' with an unwarranted appearance of reliability upon a subject, veracity, which is not beyond the facility of the ordinary juror to assess."
512 Pa. at 444, 517 A.2d at 922.
The defendant argues that the subject matter of "recantation" is not beyond the ken of the average lay person. He contends that the use of experts bolstered the credibility of the prosecutrix so as to invade the province of the jury. We disagree.
In Allen v. State, 472 So.2d 1122 (Ala.Crim.App. 1985), the Court of Criminal Appeals addressed the question of whether a witness with experience in dealing with young sexual abuse victims should have been allowed to testify that it was not unusual for a child to wait a long period of time before telling others about the abuse incident. That witness's testimony was similar to testimony in the present case. The court found no error.
Authority for this position can be found in other jurisdictions. In State v. Myers, 359 N.W.2d 604 (Minn. 1984), the Minnesota Supreme Court held that, under facts similar to those at issue here, the emotional and psychological characteristics observed in sexually abused children were a proper subject of expert testimony. Id., at 609. While admitting that the indirect effect of the expert's testimony was to bolster the credibility of the victim, the court said that that indirect effect did not render the testimony inadmissible. The Myers court went on to say that "the test is not whether opinion testimony embraces an ultimate issue to be decided by the jury, but whether or not the expert's testimony, if believed, will help the jury to understand the evidence or determine a fact in issue." Id. at 609. The Minnesota Supreme Court pointed out that the credibility of witnesses in a criminal trial should not turn upon the outcome of a battle of experts.
The Minnesota court found that "the sexual abuse of children places lay jurors at a disadvantage." Id., at 610. We agree. The confusion and feelings of shame and guilt associated with sexual abuse of children are beyond the ken of the average juror. Therefore, expert testimony should be allowed to explain the emotional effects of sexual abuse upon an adolescent, so that the triers of fact may appropriately draw conclusions from the testimony.
For the reasons stated above, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
JONES, J., dissents. *Page 1140