PER CURIAM.
The plaintiff appeals from a judgment based on a jury verdict in favor of the defendant. We affirm.
The issue is whether the trial court properly excluded testimony from the plaintiffs expert witness.
In October 1987, the defendant, T.W., complained to the police about obscene telephone calls that he was receiving. The telephone calls were traced to the plaintiffs home. On December 9, 1987, the police asked the plaintiff, 13-year-old W.S., and his parents, to come to the police station in regard to the phone calls. W.S. later admitted that he had made the telephone calls to T.W.
On December 10, 1987, W.S. was taken to a medical doctor by his parents. During the examination W.S. alleged that T.W., a physical education instructor at W.S.’s school, had sexually abused him and that T.W. had told him to make the telephone calls. This doctor found no physical evidence of sexual abuse. The Department of Human Resources (DHR) investigated the allegations and required W.S. to undergo psychological evaluations. From January 1988 until July 1988, a social worker from DHR interviewed W.S. A licensed psychologist, Dr. Richard L. Craig, interviewed W.S. for approximately one hour. Based on the reports from the DHR social worker and the one interview, Dr. Craig formed the opinion that W.S. had been sexually abused. On March 3, 1989, the plaintiff sued T.W. for $500,000, alleging sexual misconduct.
At trial, W.S. offered the testimony of Dr. Craig. Dr. Craig testified that in determining whether a 13-year-old child had been sexually abused, it was common practice to use open-ended questions so that the victim could describe what happened. He stated that the reliability of the child’s answers depended upon the type of approach used by the interviewer. However, Dr. Craig did not testify as to the type of questions that he used in interviewing W.S. Dr. Craig testified that his conclusions about W.S. were based on his one interview with W.S. and the reports and opinions of the DHR social worker. There was no testimony as to the type of questions or approach used by the social worker. W.S.’s counsel then made an offer of proof of Dr. Craig’s opinion, which was that W.S. had been sexually abused by an adult. The trial court sustained T.W.’s objection to the admission of Dr. Craig’s testimony.
The jury returned a verdict in favor of the defendant, T.W.
Section 12-21-160, Ala.Code 1975, provides:
“The opinions of experts on any question of science, skill, trade or like questions are always admissible, and such opinions may be given on the facts as proved by other witnesses.”
Even though expert testimony is always admissible, “the question of whether a particular witness will be allowed to testify and the scope of that expert testimony, are largely discretionary with the trial court, and that decision will not be disturbed on appeal without a showing of palpable abuse.” Ellingwood v. Stevens, 564 So.2d 932, 935 (Ala.1990), citing Maslankowsky v. Beam, 288 Ala. 254, 259 So.2d 804 (1972). The party seeking to introduce the expert testimony must lay the proper predicate.
First, the expert testimony must be beyond the ken of the average juror. Ex parte Hill, 553 So.2d 1138 (Ala.1989). That is, “where expert testimony will enable the lay juror to appropriately draw *28 conclusions from evidence that it is beyond his or her normal experience, that testimony is admissible.” Ex parte Hill, 553 So.2d at 1139. This Court has determined that “expert testimony should be allowed to explain the emotional effects of sexual abuse upon an adolescent, so that the triers of fact may appropriately draw conclusions from the testimony.” Id. Clearly, sexual abuse of a child is a subject where expert testimony would be proper.
Second, the person testifying must be qualified as an expert. The competency and qualifications of a person offered as an expert witness are largely left to the trial court’s discretion. In the instant case, Dr. Craig had a doctoral degree in psychology and was director of the West Alabama Mental Health Center. He has also interviewed children who were sexually abused, and his background and experience in this area would qualify him as an expert.
Third, the expert witness must base his or her opinion upon either (1) facts of which the witness has firsthand knowledge or (2) facts that are assumed in a hypothetical question asked of the expert. Ex parte McAllister, 541 So.2d 1104, 1107 (Ala.1989). Again, the question of whether a particular witness will be allowed to testify as an expert and the scope of an expert’s testimony are largely discretionary with the trial court, and its rulings in this regard will not be disturbed on appeal without a showing of palpable abuse.
In the instant case, Dr. Craig had had only one interview with W.S. Dr. Craig testified that certain types of questions should be asked of sexually abused teenagers, because reliability of the child’s answers depends upon the approach used by the interviewer. However, no testimony was given as to the type of questions or approach Dr. Craig used with W.S. Dr. Craig relied heavily on the reports and opinions of a social worker involved in the case. No testimony was given as to the approach used by the social worker, and the social worker’s reports were not offered into evidence. No properly formulated hypothetical question was asked of Dr. Craig.
We find that the trial court properly excluded the opinion testimony of Dr. Craig, because the plaintiff failed to lay a proper foundation for the expert testimony.
Based on the foregoing reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, KENNEDY and INGRAM, JJ., concur.
HOUSTON, J., concurs in the judgment.