The defendant, Owens-Corning Fiberglass Corporation ("Owens-Corning"), appeals from separate judgments entered on jury verdicts in favor of the plaintiffs, Harold C. Green, Sr., James B. Henson, and Willie J. James, in their actions seeking damages for exposure to asbestos. We affirm.
The plaintiffs, retired steelworkers, sued Owens-Corning under various legal theories, seeking damages based on allegations that they had contracted asbestosis, a progressive and incurable lung disease, because of prolonged on-the-job exposure to asbestos products that had been manufactured by Owens-Corning. A jury returned verdicts of $200,000, $200,000, and $133,000 in compensatory damages in favor of Green, Henson, and James respectively. Owens-Corning presents the following issues for our review:
 1. Whether the trial court erred in denying Owens-Corning's motion for a partial summary judgment on the claims made by Green and Henson for future medical expenses;
 2. Whether the trial court erred in allowing Green and Henson to introduce evidence of future medical expenses;
 3. Whether the trial court erred in denying Owens-Corning's motion for a directed verdict on the claims made by Green and Henson for future medical expenses;
 4. Whether the plaintiffs' medical experts improperly relied on a medical report that had not been admitted into evidence and whether the plaintiffs' reference to that report during the course of the trial constituted reversible error;
 5. Whether the trial court erred in denying Owens-Corning's motion for a partial summary judgment with respect to the claims made by Henson and James that were based on allegations of exposure to asbestos after 1971;
 6. Whether the trial court erred in denying Owens-Corning's motion in limine to exclude evidence of exposure by Henson and James to asbestos after 1971;
 7. Whether the trial court erred in its oral instructions to the jury and in denying Owens-Corning's written requested jury instructions; and,
 8. Whether the consolidation of these three cases for trial prejudiced Owens-Corning by confusing the jury and resulting in excessive damages awards.
Our review of the record fails to indicate that Owens-Corning moved for a partial summary judgment with respect to the claims made by Green and Henson for future medical expenses. Owens-Corning states in its brief at page 21 that it "filed its motion and brief on medicals prior to trial, and supplemented the record with the lack of evidence as to past and future medicals prior to trial. (C. 126-130; 1207-1231.)" However, the cited portions of the record refer only to a motion for a partial summary judgment with respect to claims forpast medical expenses. Accordingly, Owens-Corning's first issue provides no basis for relief.
As to the second issue, Owens-Corning argues that it was entitled to a new trial because, it says, the evidence of future medical expenses presented by Green and Henson was speculative and, therefore, should have been excluded from the jury's consideration. Again, our review of the record indicates no basis for granting Owens-Corning any relief in this regard. Dr. Brian Forester, a physician specializing in occupational medicine, whose qualifications are not at issue on this appeal, examined Green and Henson and testified that, within a reasonable degree of medical certainty, Henson had approximately a 10 to 15% chance of living 5 years and that he would have to be seen by a physician at least monthly at a cost of between $150 and $200 per visit. The evidence also showed that Henson depends on an oxygen unit for survival and that that unit costs $350 per month. Dr. Forester also testified that, within a reasonable degree of medical certainty, Green had approximately a 20% *Page 672 
chance of surviving 5 years and that he would need to be seen by a physician on a monthly basis at a cost of between $150 and $200 per visit. The trial court did not abuse its discretion in allowing the plaintiffs to present this evidence of future medical expenses to the jury. See Tidwell v. Upjohn Co.,626 So.2d 1297, 1300 (Ala. 1993) ("[a] ruling on the admissibility of expert testimony is largely within the discretion of the trial court and will not be overturned unless there has been an abuse of discretion").
The success of Owens-Corning's argument in connection with its third issue is inextricably tied to its success with respect to its argument on the second issue. In other words, Owens-Corning could successfully argue that it was entitled to a directed verdict on Green and Henson's claims for future medical expenses only if the evidence as to those expenses was speculative and, therefore, insufficient to justify submitting the question to the jury. The evidence of future medical expenses, as previously noted, was properly presented to the jury and was sufficient to support the trial court's denial of Owens-Corning's motion for a directed verdict.
Citing Chinevere v. Cullman County, 503 So.2d 841 (Ala. 1987);Nash v. Cosby, 574 So.2d 700 (Ala. 1991); and W.S. v. T.W.,585 So.2d 26 (Ala. 1991), Owens-Corning contends that the plaintiffs' medical experts based their diagnoses of the plaintiffs' medical conditions, at least in part, on a report that had been prepared by a "physician/consultant for the purpose of use during litigation" and that had not been admitted into evidence. Owens-Corning also argues that the plaintiffs' reference to this report during the course of the trial constituted reversible error.
Our review of the record indicates that three physicians, none of whose qualifications are challenged on this appeal, testified on behalf of the plaintiffs — Dr. Forester; Dr. Robert Fraser, a radiologist; and Dr. Randall Young, a specialist in pulmonary and critical care medicine. Dr. Fraser testified that he had diagnosed the plaintiffs as having asbestosis after examining X-ray photographs taken of the three men and considering their general work histories. Both Dr. Forester and Dr. Young personally examined the plaintiffs and documented their medical histories. Dr. Forester diagnosed the plaintiffs as having asbestosis; Dr. Young diagnosed Green and Henson as having asbestosis and testified that James's symptoms were consistent with those of an individual with asbestosis. Owens-Corning has cited us to no part of the record that suggests that any of the plaintiffs' medical experts actually relied on the report in question in testifying with respect to the plaintiffs' medical conditions. Because of this, we find unpersuasive Owens-Corning's argument that the plaintiffs' medical experts improperly based their opinions on a medical report that had been prepared in anticipation of litigation and that had not been admitted into evidence. Furthermore, we find unpersuasive Owens-Corning's contention that the plaintiffs' reference to this report during the course of the trial constituted reversible error. The report does not appear in the record; however, as we understand it, the report in question was prepared for the plaintiffs, at least in part, by Dr. David Russakoff. The plaintiffs' attorney apparently sent Dr. Fraser's medical report (which was based on his examination of the plaintiffs' X-rays) to Dr. Russakoff. Dr. Russakoff's report, which apparently confirmed Dr. Fraser's diagnosis of asbestosis, was withdrawn from consideration as evidence after Owens-Corning objected to it on the ground that it was not a certified medical record prepared in the normal course of treating the plaintiffs. Although the report was mentioned several times during the course of the trial, the plaintiffs' claims were based almost exclusively on the testimony of Dr. Forester, Dr. Fraser, and Dr. Young, who provided substantial evidence that the plaintiffs suffered from asbestosis. Assuming that the plaintiffs' references to the report constituted error, we cannot hold, based on the record before us, that Owens-Corning has met its burden of establishing reversible error; it does not appear that the comments complained of probably had an injurious effect on Owens-Corning's substantial rights. Rule 45, Ala.R.App.P.
In connection with its fifth and sixth issues, Owens-Corning contends that it had no *Page 673 
duty under Alabama law to provide any warning to the plaintiffs' employer with respect to the dangers inherent in using its asbestos products in the workplace. Owens-Corning argues that Congress preempted state common law duties to warn after 1971 by enacting certain standards for exposure to asbestos, pursuant to the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 ("OSHA"), which, Owens-Corning asserts, set up a comprehensive federal regulatory procedure governing workplace warnings about the hazards of using asbestos products. Citing, among other cases, Purvis v. PPG Industries,Inc., 502 So.2d 714 (Ala. 1987), it argues, in the alternative, that even if OSHA did not relieve it of its duty to warn under state law, knowledge of the OSHA regulations by the plaintiffs' employer after 1971 was sufficient as a matter of law to obviate the need for it to provide a warning to the plaintiffs' employer. For the following reasons, we find it unnecessary to address the merits of these arguments within the context of this case.
Our review of the record indicates that Owens-Corning waited until the first day of the trial to file its motion for a partial summary judgment with respect to the claims made by Henson and James based on allegations of exposure to asbestos after 1971. Rule 56(c), Ala.R.Civ.P., states that a summary judgment motion must be served at least 10 days before the date set for the hearing. We have held that this provision will be applied to require a minimum of 10 days between the date the hearing is set and the date of the hearing. See Hilliard v.SouthTrust Bank of Alabama, N.A., 581 So.2d 826 (Ala. 1991). For all that appears in the record, the trial court could have denied Owens-Corning's motion on the sole ground that it was untimely filed.
As to Owens-Corning's contention that the trial court erred in denying its motion in limine to exclude evidence of exposure by Henson and James to asbestos after 1971, we note that a trial court's denial of a motion in limine to exclude evidence is, unless the court clearly indicates to the contrary, the legal equivalent of an announcement by the court that it reserves the right to rule on the subject evidence when it is offered and is not a final ruling made in a pre-trial context. See Baxter v. Surgical Clinic of Anniston, P.A., 495 So.2d 652
(Ala. 1986). An appellant who suffers an adverse ruling on a motion to exclude evidence, made in limine, preserves this adverse ruling for post-judgment and appellate review only if he objects to the introduction of the proffered evidence and assigns specific grounds therefor at the time of the trial, unless he has obtained the express acquiescence of the trial court that subsequent objection to evidence when it is proffered at trial and assignment of grounds therefore are not necessary. Liberty National Life Ins. Co. v. Beasley,466 So.2d 935 (Ala. 1985). Owens-Corning does not cite us to any part of the record indicating that it objected during the trial to the introduction of the challenged evidence or that it obtained the express acquiescence of the trial court that such an objection at trial was unnecessary. Likewise, our review of the record has revealed no such objection. Therefore, we conclude that any error in connection with the trial court's denial of Owens-Corning's motion in limine was not preserved for appellate review.
With respect to the seventh issue, Owens-Corning generally contends that "[t]he trial court's charge was inadequate and prejudicially improper for a multi-issued, complex consolidated asbestos case." In addition, Owens-Corning asserts that the trial court erred in denying 89 of its written requested jury instructions. We must agree with the plaintiffs, however, that Owens-Corning's argument with respect to this issue consists of little more than a generalized laundry list of jury instructions that it would have liked to be given to the jury, followed by a generalized complaint that those instructions were refused. Although Owens-Corning refers to a long list of refused jury instructions, it made no argument as to why the vast majority of those refused instructions should have been given; as to why the trial court's oral instructions failed to cover the matters; as to what evidence supported the requested instructions; or as to how it was prejudiced by the refusal to give the requested instructions. Suffice it to say that *Page 674 
we find Owens-Corning's argument with respect to this issue to be insufficient under Rule 28(a)(5), Ala.R.App.P., to warrant appellate review. See Spradlin v. Spradlin, 601 So.2d 76
(Ala. 1992).
Finally, we find no merit in Owens-Corning's contention that the consolidation of these three cases for trial confused the jury and resulted in excessive damages being awarded to the plaintiffs. Rule 42(a), Ala.R.Civ.P., provides:
 "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."
This rule specifically recognizes the propriety of consolidation, as well as the trial court's discretion to order consolidation as necessary to reduce costs or delay. SeeBateh v. Brown, 293 Ala. 704, 310 So.2d 186 (1975) (a trial court has broad discretion as to whether it will allow consolidation, provided that consolidation does not prejudice any of the parties). Owens-Corning makes a blanket condemnation of the consolidation of these three cases and a general assertion that the consolidation resulted in a flawed verdict; it fails to show specifically how the jury could have been confused by the consolidation. As the Eleventh Circuit Court of Appeals stated in Hendrix v. Raybestos-Manhattan, Inc.,776 F.2d 1492, 1496 (11th Cir. 1985), "[t]he cases here [involving asbestos litigation] present precisely the kind of tort claims a court should consider consolidating for trial." We conclude, after reviewing the record and the briefs, that there is no basis for holding that the consolidation of these three cases resulted in a confused jury and a flawed verdict. Instead, it appears that common questions of law and fact existed in these cases, both with respect to initial legal liability and with respect to medical causation, and that the simultaneous trial of these cases furthered the desired goals of Rule 42(a) by avoiding wasteful relitigation and a duplication of judicial effort. See Hendrix, supra.
For the foregoing reasons, the judgments are affirmed.
AFFIRMED.
ALMON, SHORES, KENNEDY and COOK, JJ., concur.