SHORES, Justice.
These two appeals arise out of the trial of four asbestos personal injury actions, which had been consolidated for trial. The defendant, Owens Corning Fiberglass Corporation (“OCF”), appeals from a judgment based on jury verdict for the plaintiffs, Ernest Gant, Joseph Colson, Nathan Middleton, and William Scott, in the amount of $100,000 each.[1] We affirm.
OCF contends that it was entitled to a directed verdict on the issue of proximate cause, arguing that the plaintiffs failed to prove sufficient exposure to OCF’s asbestos-containing product, Kaylo. We have carefully and thoroughly studied the record. We conclude that the trial court properly sent the cases to the jury. See Sheffield v. Owens-Corning Fiberglass Corp., 595 So.2d 443, 456 (Ala.1992); Rule 50, A.R.Civ.P.; K.S. v. Carr, 618 So.2d 707, 713 (Ala.1993); Bailey v. Avera, 560 So.2d 1038, 1039 (Ala.1990); Woodruff v. Johnson, 560 So.2d 1040, 1041 (Ala.1990); Timmerman v. Fitts, 514 So.2d 907, 910 (Ala.1987).
Next OCF contends that the trial court abused its discretion in consolidating the four cases for trial and that the consolidation confused the jury and resulted in a flawed verdict. The four cases were all personal injury cases alleging exposure to asbestos in the building trades; they involved the same medical expert and the same counsel. In addition, the trial judge gave specific instructions in order to eliminate juror confusion. We see no error. See Owens-Corning Fiberglass Corp. v. James, 646 So.2d 669, 674 (Ala.1994), and Hendrix v. Raybestos Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir.1985).
AFFIRMED.
MADDOX, HOUSTON, KENNEDY, and COOK, JJ., concur.

. Spouses Teresa Colson and Pearl Gant were awarded $25,000 each on consortium claims.