I concur in those parts of the opinion that affirm the summary judgments on the promissory fraud and unjust enrichment claims and that reverse the award of attorney fees under the ALAA.
I concur in the result only of the decision not to address (and, therefore, to affirm the trial court's disposition of) the discovery issue.
I respectfully dissent, however, from the holding that Myers Pontiac is entitled to a new trial because the jury awarded attorney fees as punitive damages. I do not think Myers Pontiac preserved that issue for appellate review.
Judge Monroe's opinion states that because Myers Pontiac did not file a petition for writ of mandamus seeking pre-trial review of the denial of its discovery motion, it will not address Myers Pontiac's arguments on the discovery issue. I agree with the result reached, but I disagree with the reasoning. Just because Myers Pontiac could have resorted to mandamus as a means of achieving pre-trial review of the trial court's discovery order does not mean that Myers Pontiac had to resort to mandamus or be precluded from raising the issue on appeal. See, e.g. Rankin v. First Nat'l Bank of Alabama,437 So.2d 503 (Ala. 1983). If that were the case, every discovery issue that was not the subject of a pre-trial extraordinary writ would be barred from post-trial appellate review.
The result reached on the discovery issue is, however, correct. Although Myers Pontiac filed a motion in limine to exclude the testimony of the Lewters' expert, and that motion was denied, Myers Pontiac failed to object when the expert testified at trial.
 "An appellant who suffers an adverse ruling on a motion to exclude evidence, made in limine, preserves this adverse ruling for post-judgment and appellate review only if he objects to the introduction of the proffered evidence and assigns specific grounds therefor at the time of the trial, unless he has obtained the express acquiescence of the trial court that subsequent objection to evidence when it is proffered at trial and assignment of grounds therefore are not necessary."
Owens-Corning Fiberglass Corp. v. James, 646 So.2d 669, 673
(Ala. 1994) (citation omitted).
I strongly disagree with the following statements made in discussing the issue of the attorney fee as punitive damages: (1) "[I]t is the jury, and not the trial court, that erred" and (2) "[T]he jury's verdict of attorney fees as punitive damages was not based on any improper instruction by the trial court."
The trial court improperly instructed the jury (and Myers Pontiac should have objected) when the court said, "[T]ranslate for us what that amount is that you are indicating on legal fees." As Judge Monroe's opinion recognizes, "[t]he jury verdict awarding attorney fees as punitive damages reflects confusion on the part of the jury." The verdict reflects confusion precisely because the trial court failed to make it clear to the jury that its punitive damages verdict was unacceptable — not only because the verdict was not in monetary terms, but also because the verdict was not permitted under the law. The trial court never told the jury that it could not award an attorney fee as punitive damages. The court's instruction actually led the jury to believe that itcould award a fee, but that it must specify a "dollars and cents" amount for such an award. Although the award was not authorized by law, I think Myers Pontiac has waived this issue by failing to raise it below.
ROBERTSON, P.J., concurs. *Page 486