I agree with Parts I and IV of the majority's opinion; the circuit court correctly denied the claims in Rhone's Rule, 32, Ala.R.Crim.P., petition for post-conviction relief. However, I disagree with Parts II and III of the opinion. I would grant the State's request and remand this case for the circuit court to accept Rhone's amendment to his Rule 32 petition and to rule on the claims in that amendment.
As the majority recognizes, Rule 32.7(b), Ala.R.Crim.P., provides that "[a]mendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment." However, Rule 32.7(d), Ala.R.Crim.P., provides, in pertinent part, that "[l]eave to amend shall be freely granted." (Emphasis added.) It is well settled that "[a]mendments to Rule 32 petitions, although discretionary with the trial court,should normally be freely allowed, if necessary for a full andfair determination on the merits." Allen v. State,825 So.2d 264, 268 (Ala.Crim.App. 2001), aff'd, 825 So.2d 271 (Ala. 2002) (emphasis added).
I recognize that all of the claims of trial-court error and grounds of ineffective assistance of counsel included in the amendment to Rhone's petition arose out of facts that were clearly known to Rhone when he filed his original petition. However, I disagree with the majority's blind reliance on a single sentence, originating from this Court's opinion inCochran v. State, 548 So.2d 1062 (Ala.Crim.App. 1989), and quoted in numerous subsequent cases, without regard for the context in which that sentence was written. The Court inCochran stated that "`[c]ourts may properly refuse permission to amend . . . where there is no showing of diligence or that the facts were unknown to the applicant prior to his application.'" 548 So.2d at 1075, quoting 61A Am.Jur.2d Pleading § 312, at 301 (1981). See also Miles v. State, 845 So.2d 830, 833
(Ala.Crim.App. 2001); Makres v. State, 739 So.2d 1141, 1143
(Ala.Crim.App. 1998); Harper v. State, 676 So.2d 949, 951
(Ala.Crim.App. 1995); Neelley v. State, 642 So.2d 494
(Ala.Crim.App. 1993); and Whitehead v. State, 593 So.2d 126
(Ala.Crim.App. 1991). The majority seizes upon this single sentence and applies it to the case at hand without consideration of the facts in Cochran or the context in which the statement was made. In doing so, I *Page 451 
believe, the majority has misinterpreted the holding inCochran.
In Cochran, the petitioner filed his original petition on June 12, 1987, and filed an amendment to his petition on February 1, 1988. On February 18, 1988, a hearing was conducted on the petition and the amendment. At the conclusion of the hearing, after the circuit court had ruled adversely to the petitioner on his substantive claim regarding an alleged Batson[5]
violation, he attempted orally to amend his petition with a claim that his appellate counsel had been ineffective for not raising the Batson claim on direct appeal. The circuit court refused to allow the amendment. This Court upheld that ruling, stating:
 "Rule 20.7(b) of the Alabama Temporary Rules of Criminal Procedure reads as follows: `Amendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment.' (Emphasis added [in Cochran].) The clear import of the language used in Rule 20.7(b) is that a petitioner does not have an absolute right to amend his petition prior to the entry of judgment.
 "`Amendments are to be freely allowed when justice requires.' Ex parte Tidmore, 418 So.2d 866, 868
(Ala. 1982). `[A]mendments should be freely allowed and . . . trial judges must be given discretion to allow or refuse amendments. . . . The trial judge should allow a proposed amendment if it is necessary for a full determination on the merits and if it does not unduly prejudice the opposing party or unduly delay the trial.' Record Data International, Inc. v. Nichols, 381 So.2d 1, 5 (Ala. 1979) (citations omitted). `The grant or denial of leave to amend is a matter within the sound discretion of the trial judge and is subject to reversal on appeal only for an abuse of that discretion. Walker v. Traughber, 351 So.2d 917 (Ala.Civ.App. 1977). The trial court acts within its discretion so long as its disallowance of an amendment of pleadings is based upon some valid ground, such as actual prejudice or undue delay. Poston v. Gaddis, 372 So.2d 1099 (Ala. 1979).' Ex parte Reynolds, 436 So.2d 873, 874 (Ala. 1983). Although the cases cited in this paragraph deal with the interpretation of Rule 15, A.R.C.P., the principles expressed have equal application here.
 "Cochran attempted to orally amend his petition 8 months after his original petition had been filed, 15 days after that petition had been previously amended, after the evidentiary hearing had begun, and after the circuit court had ruled on a related ground of his petition. Cochran cannot claim that his proposed amendment was based on surprise, newly discovered evidence, or changed circumstances. `Courts may properly refuse permission to amend . . . where there is no showing of diligence or that the facts were unknown to the applicant prior to his application.' 61A Am.Jur.2d § 312 at 301 (1981). See also Robinson v. Kierce, 513 So.2d 1005, 1006-07 (Ala. 1987); National Distillers and Chemical Corp. v. American Laubscher Corp., 338 So.2d 1269, 1273-75 (Ala. 1976). Consequently, we hold that the trial judge did not abuse his discretion in denying the amendment."
548 So.2d at 1075.[6]
The Court in Cochran relied, in part, on 61A Am.Jur.2dPleading § 312, at 301 *Page 452 
(1981), dealing with amendments in civil pleadings, in holding that the circuit court had properly denied Cochran's amendment because the amendment was based on facts that were known to Cochran when his original petition was filed. Section 312 states:
 "It is a general principle that as long as a reasonable possibility exists that a defect can be cured by amendment, such right should be afforded. As a general rule, an amendment to pleadings should be allowed at any stage of the proceedings, where it will not delay the suit nor affect the rights of the adverse party, and where the facts stated in the original and amended pleadings are substantially identical, or are germane to the issues in the case. Also, the facts and surrounding circumstances which occasioned the necessity for amendment may be entitled to consideration, as, for example, the fact that counsel was in no wise negligent. In determining whether a proposed amendment of an answer will further justice, it is proper for the court to consider the nature of the proffered new defense.
 "Courts may properly refuse permission to amend a plea where the object of the amendment is to present a mere technical defense; where it is not made to appear that the proposed amendment is material; where the necessity to amend is not shown; where the amendment will be of no benefit to the party seeking it; or where there is no showing of diligence or that the facts were unknown to the applicant prior to his application.
 "The factor that the proof may not sustain a proffered amendment does not justify its refusal, if the amendment is otherwise appropriate. It has been held, however, that the absence of any evidence as to the matter sought to be added to a complaint by amendment after proof requires denial of leave to amend.
 "Under the Federal Rules of Civil Procedure it has been held that the merits of the claim are irrelevant in determining whether a motion to amend should be granted. As long as the amendment is not a frivolous or dilatory measure, and is made in good faith, it should be granted. The critical element in determining whether to grant leave to file an amended complaint is prejudice to the opposing party. However, the admonition of the Rules that leave to amend should be freely given is operative only in the absence of any apparent or declared reason for denial of leave, such as undue delay, lack of diligence, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, futility of amendment, and the like."
(Footnotes omitted.) The Court in Cochran also relied onRobinson v. Kierce, 513 So.2d 1005, 1006-07 (Ala. 1987), andNational Distillers Chemical Corp. v. American LaubscherCorp., 338 So.2d 1269, 1273-75 (Ala. 1976), both of which focused on undue delay and undue prejudice, not on whether the facts in the amendment were known at the time of the original pleading. For example, in National Distillers, the Court, quoting Stead v. Blue Cross-Blue Shield of Alabama, 294 Ala. 3,6, 310 So.2d 469, 471 (1975), stated:
 "`[W]e state that amendments are to be freely allowed and refusal of an amendment must be based on a valid ground. *Page 453 
We state also that Rule 15[, Ala.R.Civ.P.,] must be liberally construed by the trial judges. But, that liberality does not include a situation where the trial on the issues will be unduly delayed or the opposing party unduly prejudiced.'"
338 So.2d at 1274.
It appears to me, after examining the authority relied on by this Court in Cochran, that the facts in Cochran (Cochran attempted to orally amend his petition eight months after the original petition had been filed, 15 days after that petition had been previously amended, after the evidentiary hearing had begun, and after the circuit court had already ruled on a related ground of his petition) prompted this Court to note that the only way Cochran might have overcome the fact that his proposed amendment was dilatory and would have caused undue delay and prejudice would have been through a showing of surprise, newly discovered evidence, or changed circumstances. It is not apparent that the Court intended to hold that the lack of a showing that the facts were unknown to the petitioner before he filed the initial petition was, standing alone, sufficient under Rule 32 to support a circuit court's denial of a motion to amend, as the majority contends.
To take the statement in Cochran out of context, i.e., to remove it from the particular facts of that case, and apply it to all amendments to Rule 32 petitions, as the majority does, results in a holding that an amendment to a Rule 32 petition is properly denied when it is based on evidence and facts that were known when the original petition was filed, even though the amendment was diligently filed, would not unduly prejudice the opposing party, and would not unduly delay the proceeding. In other words, unless the amendment is based on facts and evidence discovered after the original petition was filed,[7] it may be properly denied even if the amendment contains claims that are meritorious on their face, the resolution of which is "necessary for a full and fair determination on the merits." Allen, 825 So.2d at 268. Therefore, I would overrule Cochran and its progeny, but only to the extent that Cochran has, in my view, been misinterpreted over the years and is continuing to be misinterpreted by the majority in this case, to stand for the proposition that amendments to Rule 32 petitions should be allowed only when based on facts not known to the petitioner at the time the original petition was filed.[8]
The majority's holding — that a circuit court does not abuse its discretion in denying an amendment to a Rule 32 petition when the facts in the amendment were known to the petitioner before the original petition was filed — gives trial courts virtually unfettered discretion to deny amendments. It ignores the plain language of Rule 32.7(d) that "[l]eave to amend shall be freelygranted" (emphasis added), and also the well-settled proposition that an amendment to a Rule 32 petition should be allowed "if it is necessary for a full determination on the merits and if it does not unduly prejudice the opposing party or *Page 454 
unduly delay the trial," Cochran, 548 So.2d at 1075; Allen, supra; and Talley v. State, 802 So.2d 1106 (Ala.Crim.App. 2001). See also Ex parte Allen, 825 So.2d at 273 (noting that although leave to amend a Rule 32 petition is within the discretion of the circuit court, pursuant to Rule 32.7(b), "amendments are allowed at any time `prior to the entry of judgment'") (emphasis added). It also disregards the clear intent of Rule 32.
The very structure of Rule 32 itself indicates that the intent of the rule was to encourage petitioners to litigate all of their claims in the first petition filed. The rule requires specificity in pleading, Rule 32.3 and Rule 32.6(b); with respect to summary disposition, it specifically provides, as noted above, that a circuit court "may" grant leave to amend a petition that is not sufficiently specific or fails to state a claim, but it directs that such leave "shall be freely granted," Rule 32.7(d); it precludes successive petitions, Rule 32.2(b); and, most detrimental to Rhone, it precludes any claim of ineffective assistance of counsel raised in a second or subsequent petition, Rule 32.2(d). As this Court recognized in Nickerson v. State,597 So.2d 762 (Ala.Crim.App. 1992):
 "Rule 32 not only `[c]onsolidates habeas corpus and coram nobis into a single comprehensive remedy,' it `[r]equires, subject to a limited exception, the consolidation of all claims in a single petition.' H. Maddox, Alabama Rules of Criminal Procedure § 32.0, p. 783 (1990) (emphasis added). `Postconviction relief . . . is intended . . . to eliminate confusion and avoid repetitious and successive applications for relief while protecting petitioner's constitutional rights.' 24 C.J.S. Criminal Law § 1612 (1989) (footnote omitted). The procedural provisions of Rule 32, such as the preclusion provisions, were fashioned and adopted in furtherance of this goal of a single, comprehensive petition. See 24 C.J.S. supra at § 1637(b) (wherein it is noted that `[s]tate postconviction relief rules are specifically designed, where possible, to discover and adjudicate all claims for relief in a single application') (footnote omitted)."
597 So.2d at 763.
In filing his amendment, Rhone was attempting to comply with Rule 32 — to litigate all of his claims in a single petition. The record reflects that the amendment was filed only two months after the original petition had been filed, over a month before the State filed its response to the petition, and over two months before the circuit court ruled on the petition. Nothing in the record suggests that allowing the amendment in this case would have caused actual prejudice or undue delay,[9] a factor the majority does not even consider in its analysis of this issue. Rather, relying on Rule 32.3, the majority concludes that Rhone failed to plead and prove by a preponderance of the evidence that he was entitled to have his amendment considered.
I know of no authority, and the majority cites to none, in which this Court or the Alabama Supreme Court has required a petitioner to plead and prove by a preponderance of the evidence that he or she exercised reasonable diligence in filing an amendment. Rule 32.3, by its very language, was clearly intended to apply to the claims within a Rule 32 petition. The issue whether an amendment should be allowed involves an objective analysis conducted by the court, based on the totality of the circumstances; its resolution does *Page 455 
not, as the majority states, necessarily involve a threshold question of pleading and proof under Rule 32. I believe that by filing the amendment long before the circuit court had ruled on the original petition and before the State had even responded to the original petition, Rhone exercised reasonable diligence and satisfied the "showing" requirement of Cochran.[10]
Moreover, based on my review of the record, allowing the amendment in this case is necessary for a full determination on the merits. Although many of the claims in the amendment are based on errors allegedly committed by the trial court that are either insufficiently pleaded or, in all likelihood, are subject to the various procedural bars in Rule 32.2, some of the grounds of ineffective assistance of counsel in the amendment are sufficiently pleaded. If those allegations are not addressed in the present petition, they will forever be barred pursuant to Rule 32.2(d).
Because reasonable diligence in the filing of the amendment is apparent in this case, and because, as the State concedes, there is no indication that allowing the amendment would have caused undue delay of the proceedings or undue prejudice to the State, I must respectfully disagree with the majority's rationale for affirming the circuit court's ruling, i.e., that to do otherwise would "open a virtual Pandora's box." 900 So.2d at 449. I wholeheartedly agree that this Court should strive to do nothing that would unnecessarily create "yet more problems for an already overburdened and understaffed judicial system." 900 So.2d at 449. However, the law requires that properly pleaded Rule 32 claims be addressed.
Thus, under the circumstances in this case, I believe the circuit court abused its discretion in refusing to accept Rhone's amendment to his petition, and I would remand this case for the circuit court to accept the amendment and to rule on the claims presented in the petition as amended.
Therefore, I respectfully dissent.
[5] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986).
[6] I note that despite holding that the circuit court had properly denied Cochran's second amendment to his petition, this Court nevertheless addressed the claim Cochran asserted in the second amendment, holding that his appellate counsel were not ineffective for not raising the Batson claim on appeal.
[7] As a practical matter, I am hard-pressed to imagine any claim other than a claim of newly-discovered evidence under Rule 32.1(e), Ala.R.Crim.P., that would be unknown to a petitioner at the time the original petition was filed so as to satisfy the majority's restrictive approach.
[8] I disagree with the majority's statement that the State's "concession [that the circuit court erred in not accepting Rhone's amendment] effectively abrogates the necessity to overrule [the Cochran] line of cases." 900 So.2d at 449. Merely because the State makes a concession, this Court may not ignore caselaw, even if that caselaw has, in my view, been misinterpreted.
[9] In fact, the State effectively concedes as much in its brief by requesting that we remand this case for the circuit court to address the claims asserted in Rhone's amendment.
[10] Of course, whether reasonable diligence is exercised will have to be determined on a case-by-case basis, and I do not speculate as to whether I would uphold the circuit court's ruling in this case if, for example, Rhone's amendment had been filed after the State had filed its response to the petition. See, e.g., Neelley, supra (circuit court properly refused to accept petitioner's second amendment to her petition filed approximately seven months after the evidentiary hearing on the original petition had been conducted), and Whitehead, supra (circuit court properly refused to accept the first amendment to the petitioner's petition filed on the day of the evidentiary hearing five months after the petition had been filed).