This is a criminal contempt against an attorney, properly brought before this court by appeal pursuant to § 12-1-11, Code (1975).
Charles C. Carter, an attorney licensed to practice in both Alabama and Georgia, was cited for an indirect criminal contempt by the Circuit Court of Russell County. The charge was grounded on the basis that Carter "with full knowledge acquiesced in and furthered the contempt of the said Richard Lee Mitchell [his client] in all cases which are still pending in this court." Carter was fined $100 plus costs and suspended from practice in Russell County for a period not less than six months.
The cause arose under the following pertinent facts:
Richard Lee Mitchell and Crisanta Carlos Mitchell (Overman) were divorced in Alabama on August 20, 1980. The wife was awarded custody of the couple's only child. On June 4, 1981, the father petitioned the circuit court in Russell County, Alabama, for modification of the divorce decree as to custody alleging that subsequent to that decree he and his former wife had entered *Page 812 
into a common-law marriage and that there was a change in circumstances to justify awarding custody to him. On August 28, 1981, the trial court ruled that Mitchell was in contempt of court for his refusal to return custody of the minor child to the mother. Mitchell was ordered to return the child by September 15, 1981, and upon his failure to comply, the trial court ordered him arrested on September 17, 1981.
Subsequent to the trial court's order of August 28, 1981, Mitchell retained appellant to pursue a divorce action in Georgia where his wife was then residing to terminate the common-law marriage. Carter filed the divorce complaint in Muskogee County, Georgia, on September 18, 1981. He did so with full knowledge of the Alabama proceedings, although he did not participate in them. The Georgia divorce complaint included a prayer for custody of the minor son but failed to disclose the pending Alabama proceedings as required by the Uniform Child Custody Jurisdiction Act adopted in both states. Carter succeeded in having custody of the child returned to the mother and alleged that he refused to represent Mitchell unless he fully complied with the Alabama court orders.
On October 2, 1981, on its own motion the Russell County Circuit Court entered a show cause order against Carter and set a hearing for October 16, 1981. After the hearing ore tenus, the trial court found Carter guilty of willful and deliberate contempt and set his punishment as noted above. From that order, Carter appeals.
In its finding of fact entered November 3, 1981, for purposes of appellate review, the trial court stated that it was not reasonably satisfied that Carter did not use the courts of Georgia to circumvent and thwart its orders, and found appellant guilty of willful and deliberate contempt.
Appellant contends that the record is totally void of any evidence that he acquiesced in or furthered his client's contempt or that he used the Georgia courts to circumvent the Alabama court's custody order.
Our scope of review in this case is set out in § 12-1-11 and reads in pertinent part:
 On such appeal the question shall be whether the appellant was guilty of contempt, and the sentence or order of the court below may be affirmed, reversed, annulled or modified, according to the judgment of the appellate court. All such appeals shall be tried on the record. . . .
This case is unusual in that the attorney cited for contempt never appeared in the underlying case of Mitchell v. Mitchell
before the Russell County Circuit Court, and the charge of contempt was entered by that court sua sponte. The alleged contempt apparently consists of one act — the filing of a verified complaint in a court of another state. On the face of it, the Georgia court had jurisdiction in that case since the wife was living in Georgia and the husband had returned custody of the minor child to her there in compliance with the Alabama court order through an arrangement by the appellant.
Though the Georgia complaint did not inform concerning the pending custody proceeding in Alabama as required by the Uniform Child Custody Jurisdiction Act [in Alabama, § 30-3-29 (a)(2)], Mitchell had a right to pursue a divorce from the alleged new marriage and to have counsel represent him. Incomplete or improper pleading does not ordinarily constitute a contempt. There is evidence in the record which indicates the attorney in good faith believed the burden of pleading the pending Alabama suit was upon the defendant. There is no evidence that appellant willfully and deliberately used the Georgia courts to circumvent or thwart the orders entered in Alabama. The mere filing of the complaint could not thwart or impede the authority of the court. A judgmental error, if conceded, without clear and convincing evidence of bad faith intent, is an insufficient foundation for a finding of criminal contempt. In re Willis, 242 Ala. 284, 5 So.2d 716 (1941). See,In re Watts, 190 U.S. 1, 23 S.Ct. 718, 47 L.Ed. 933 (1903). The enthusiastic and conscientious prosecution of a client's cause could be stifled *Page 813 
or intimidated by threat of criminal contempt by any less standard of proof.
The judgment of contempt is due to be reversed and the charge dismissed. It is so ordered.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.