This is a criminal contempt case against the appellant, William P. Powers, III (attorney), which is properly before this court by appeal pursuant to section 12-1-11, Code 1975.
No issue is raised as to procedural due process. The circuit court adjudged the attorney to be in contempt of court and fined him $100. The attorney appeals to this court, contending that his conduct was insufficient to constitute contempt. We agree and reverse.
The attorney represented a party in a child custody action. His client was being cross-examined by opposing counsel concerning whether certain facts were introduced at a 1970's juvenile hearing. The attorney entered a hearsay objection to the testimony being elicited. The objection was overruled and the witness was allowed to answer. Opposing counsel asked another question along the same lines and another specific objection was entered and overruled. Specific objections were made and were overruled to a third question of a similar nature. After a fourth question on the subject and objections thereto, the court informed the attorney that it would allow the particular line of questioning and he could have continuing exceptions. The following dialogue transpired:
 "MR. POWERS: Judge, I feel like to protect the record I have to make my objections.
 "THE COURT: No, you don't. If the Court overrules and says you may have a continuing objection —
 "MR. POWERS: If the Court rules that I cannot object —
 "THE COURT: No. I'm just telling you we'll have a general objection and I'll overrule, and you'll have that tied to any question he asks regarding this affidavit. Now, that's the Court's ruling.
". . . .
 "THE COURT: I'm going to give you a general objection. Now, I've already explained that to you, and I'm going to give you a continuing exception to the Court's overruling your objection and you don't have to do it each time that he asks a question on cross examination regarding testimony in that juvenile court proceeding. You've opened the door and he's going into it.
 "MR. POWERS: I object to it being received and I except to the characterization that it came in. And I state to the Court that the Supreme Court of this state has said in numerous cases that the Court cannot give a general objection in cases, that it must be made to each individual question.
 "THE COURT: Give me that citation on that so I'll have that knowledge.
"MR. POWERS: I don't have it with me, judge.
 "THE COURT: Well, you will if you're going to continue to do it in spite of the Court's ruling. I want you to cite me some law so I can go by it. *Page 1081 
 "MR. POWERS: I can state to the Court that a party has a right to make an objection to any question that comes in, and it is the Court's duty to rule on it. And the Court cannot limit me in making my objection.
 "THE COURT: You've got a true assertion of the law, in my opinion, but once we have a line of questions regarding a particular question, I can give you a general objection. The courts have never said, in my opinion, that I cannot.
 "MR. POWERS: Judge, if you tell me that I cannot make an objection, then I'll obey the Court's ruling.
 "THE COURT: I'm not going to make such a ridiculous ruling, Mr. Powers. I just said you have a general objection to those questions. I overruled and you have an exception.
 "MR. POWERS: I've excepted to each question, Judge.
 "THE COURT: Mr. Powers, I'm telling you one other time. It's the Court's belief that the law says I can give you an objection, and if you can show me a law where I cannot do it, I will certainly abide by that law. But until you do, that will be the Court's ruling that he is cross examining this witness and you may have a general objection to each of those questions regarding the testimony in the juvenile court, and I'll overrule same and you may have your exception.
 "And if you continue to go on I'll find you in contempt of court.
 "MR. POWERS: Judge, may I say this? You have not ordered me not to make an objection. And if you order me not to make an objection to any question regarding that, then I won't do it. But until you tell me I can't do it, I have to keep on doing it. If you're telling me I can't I won't.
 "THE COURT: I'm telling you what you have. You have a general objection to those questions, and you have my overruling to the objection and your exception. You have that as the Court's ruling in the record.
 "So you shouldn't raise objections every time because I've already given you that.
 "MR. POWERS: Judge, I'm not trying to be — if you're telling me I can't do it —
 "THE COURT: I'm not going to tell you you can't do it, but I'll tell you if you continue on in spite of the Court's ruling, I will have to consider finding you in contempt of Court."
Thereafter, the attorney objected three times, raising the hearsay issue as to three questions on that subject.
At the conclusion of the trial the court held the attorney in contempt of court and imposed a fine. The contempt order provided in part:
 "The Court told Attorney Powers that he would have a continuing objection and exception to questions of this nature and it would not be necessary that he continue to interpose objection to each question of like nature.
 "Attorney Powers stated to the Court that under the Court's decisions it would be necessary that he interpose objection to each question; that the Court could not grant a continuing ruling and exception.
 "The Court stated to Attorney Powers that the Court was of the opinion that such continuing objection and ruling could be granted and if he had some law to the contrary, the Court would like to have same as the Court desired to abide by the law.
 "The Court stated to Attorney Powers that without law to the contrary, if he continued to object to the same line of question which the Court had granted to him a continuing objection and exception that the Court would find him in contempt of Court.
". . .
 "Such conduct of Attorney Powers obstructed the orderly procedure of the Court in the trial of the case."
The attorney contends that his conduct was not sufficient to sustain a contempt punishment pursuant to section 12-1-8(1), Code 1975. He asserts that his conduct was not disrespectful, insolent, discourteous, or calculated to impede the orderly progress of the proceeding.
We have not been cited to, and our extensive research has not located, any *Page 1082 
Alabama case which either permits or prohibits a trial court from authorizing continuing objections and exceptions to a line of questions upon the same subject although such a procedure is extensively, if not universally, utilized by the trial courts of this state. We approve that procedure and declare that, where the trial court indicates a continuing adverse ruling and grants to an attorney a continuous objection, which contains all grounds which he has previously interposed to the lead questions, the attorney is thereby relieved from making a formal objection after each future question concerning the same general train of factual material and, thereafter, the attorney can properly raise on appeal the propriety of the adverse ruling upon his specific "continuing objections" to those questions. The closest parallel decision which we located isLiberty National Life Insurance Co. v. Beasley,466 So.2d 935 (Ala. 1985), which decided that a party who suffers an adverse ruling on a motion in limine to exclude evidence is not required to object and to assign specific grounds to the introduction of the proffered evidence during the trial if he has obtained the express acquiescence of the trial court that such subsequent objection and assignment of grounds to evidence offered at trial are not necessary.
While we have made the law more definite concerning "continuing objections," we cannot find that the attorney's actions were sufficient to constitute contempt of court in view of the apparent lack of any prior case upon that subject. While his action constituted an error in judgment in this respect, it did not rise to the level of contemptuous conduct. An error in judgment without clear and convincing evidence of bad faith intent is insufficient for a finding of contempt. In reCarter, 412 So.2d 811 (Ala.Civ.App. 1982). The record does not reveal that the attorney had such bad faith in this case.
Additionally and perhaps more importantly, while the trial court's order which adjudged the attorney to be in contempt of court recited that the trial court told the attorney that he could have a "continuing objection and exception" to questions, in actuality the record discloses that the trial court informed the attorney twice that he had a "continuing exception" and eight different times that he had a "general objection" to that line of questions. "A general objection to evidence is one which does not definitely and specifically state the ground upon which it is based so that the court may intelligently rule on it." C. Gamble, McElroy's Alabama Evidence § 426.01(7) (3d ed. 1977). There is a great legal difference between authorizing an attorney's "continuing objections" to a line of questions and authorizing only "general objections" to such questions. A general objection ordinarily waives its appellate review while a specific objection is normally a condition precedent to appellate review. A general objection does not include the ground of hearsay and, without a specific objection as to hearsay, that ground cannot be reviewed on appeal. Donaldson v. State Department of IndustrialRelations, 439 So.2d 1301, 1304 (Ala.Civ.App. 1983). Therefore, the attorney could not have preserved the hearsay evidentiary issue as a ground of review under the grant by the trial court of only a "general objection" to him. The attorney interposed only specific objections, including hearsay, to the three questions which were objected to after the threat of contempt was made. He thereby maintained the record in such condition that appellate issues as to his specific objections could be raised and reviewed on appeal and the attorney should not have been adjudged to be in contempt of court for doing so. Under those circumstances, he had the absolute right and the professional duty to specifically object to the questions.
The adjudication that the attorney was in contempt of court and the fine imposed upon him are reversed and that judgment is hereby set aside by our holding that the attorney was not in contempt of court.
REVERSED AND RENDERED.
All the Judges concur. *Page 1083