YATES, Judge.
Judith S. Crittenden, an attorney, appeals from a trial court’s judgment of criminal contempt entered pursuant to § 12-1-11, Ala. Code 1975. On May 12, 2000, Judge R.A. Ferguson of the Circuit Court of Jefferson County found Critten-den in criminal contempt and entered an order stating in part:
“1.... [T]he Court finds [Crittenden] in criminal contempt of Court for her willful disobedience wherein she encouraged, directed and advised the Plaintiff to directly violate the restrictive move clause of the aforesaid Final Judgment of Divorce to remove the minor children of the parties from the Jefferson/Shelby County area on a permanent basis without prior Court approval through her willful contumacy. The Court finds this action to be a willful violation of the Court’s former Orders, therefore, cites [Crittenden] for criminal contempt and directs the Sheriff of Jefferson County, Alabama to incarcerate [Crittenden] in the County Jail for a period of five (5) days and a fine in the amount of One Hundred Dollars ($100.00). However, the Court suspends three (3) days of said sentence.”
Crittenden represented Judith Ladden (“the mother”) in a divorce action against David Ladden (“the father”); the Laddens were divorced in April 1998. Pursuant to the divorce judgment, the mother was awarded custody of the parties’ two minor children and the judgment included a provision restricting her from moving the children “outside the Jeffer-sdn/Shelby County area on a permanent basis without prior Court approval.” In November 1998, she petitioned for a rule nisi and for a modification of the judgment, alleging that the father had moved to Columbus, Mississippi; that he had “failed-or refused to provide [the mother] with his current address or the whereabouts of the minor children while in his care, custody and control”; and that it was in the best interests of the children to allow them to move with her outside the Jefferson/Shelby County area. An initial hearing was held in February 1999; trial of the case began on March 27, 2000. The trial was completed on March 29, 2000, and on that date the court entered an order, granting the mother’s petition to modify and allowing her to relocate the children. However, the court entered a separate order finding the mother “in criminal contempt of Court *624 for her willful failure to comply with Paragraph 7 of the Final Judgment of Divorce ... wherein she removed the minor children of the parties from the Jefferson/Shelby County area on a permanent basis without prior Court approval through her willful contumacy.” The court ordered the mother incarcerated for five days and further held her in contempt for denying the father visitation and for that contempt sentenced her to two additional days, but suspended that portion of the sentence. The father was held in contempt for failing to comply with several provisions of the divorce judgment; he was sentenced to three days in jail, with two of those days suspended. Following postjudgment motions filed by the mother and the father, the court ordered the parties released from jail. The Court, while sentencing the parties on March 29, 2000, informed Crit-tenden that it intended to cite her for criminal contempt; on April 4, 2000, the court issued a “Citation for Criminal Contempt” against Crittenden, alleging that she had “willfully and in disobedience to this Court’s lawful Orders, encouraged, directed and advised [the mother] to directly violate the restrictive move clause of the Final Judgment of Divorce without agreement by the parties or prior approval of the Court.”
During Crittenden’s contempt hearing on April 21, 2000, the mother refuted a prior statement she had made during her divorce proceeding, a statement indicating she had relocated based on the advice of her attorney, Crittenden. The mother stated Crittenden had never advised her to disobey the court’s orders and that Crit-tenden had explained that she could be held in contempt and possibly be jailed as a consequence of her moving. She further stated that during their discussions, Crit-tenden had said that she thought the judge would be sympathetic to her circumstances once he heard all'of the facts regarding how long the case had been postponed and learned that the father no longer resided in Alabama.
Crittenden stated that she had practiced law for 30 years, primarily in the field of domestic relations, and that she had not intended to do anything to offend the court. She apologized if her behavior had been contemptuous and stated that it had not been her “intention to direct or to advise [Ms. Ladden] or any other client to violate or to disobey an order of this court.” Crittenden stated that she recalled stating, during a conference in the judge’s chambers, that she would “give her opinion about the move.” She said, in part, regarding a subsequent meeting with her client:
“I believed that taking all the facts into consideration, and in that she said her responsibility was to [the] best interests of the children, even though she could be held in contempt, in violation, that I felt that my judgment of what I was witnessing from the Court that I thought the Court would understand if she moved. I did say that to her.”
The judge continued the hearing, stating that his recollection differed from Critten-den’s regarding statements she had made while in his chambers. On May 12, 2000, the court heard testimony from two attorneys who stated that Crittenden had said that she had advised her client to move; a third attorney stated that she recalled Crittenden’s saying she would probably advise her client to move, based on the circumstances.
We have thoroughly reviewed the record, but we have found no evidence to support a finding of criminal contempt against Crittenden. “An error in judgment without clear and convincing evidence of bad faith intent is insufficient for a finding of contempt.” In re Powers, 523 So.2d 1079, 1082 (Ala.Civ.App.1988); see In re Carter, 412 So.2d 811 (Ala.Civ.App. *625 1982). We note that the mother’s petition to modify was delayed for over a year from the original hearing date; that when she filed the petition, the father no longer resided in Alabama; that the court granted the mother’s petition to remove the residency restriction; and that the mother and Crittenden both testified that Crittenden had advised the mother that she could be held in contempt if she relocated without the court’s approval. We conclude that Crittenden’s conduct did not amount to a willful and deliberate disobedience of the court’s order and therefore was not contempt. Accordingly, we reverse the judgment of the trial court and remand the case for the court to set aside the judgment of contempt against Crittenden.
REVERSED AND' REMANDED WITH INSTRUCTIONS.
MONROE and THOMPSON, JJ., concur.
ROBERTSON, P.J., and CRAWLEY, J., dissent.