CRAWLEY, Judge,
dissenting.
I must respectfully dissent. Critten-den’s advice to her client amounted to advising her client to disobey the territorial restriction in the divorce judgment. Her argument that her advice was an expression of legal opinion made in good faith, an argument made so as to fit her conduct within the holdings of In re Willis, 242 Ala. 284, 5 So.2d 716 (1941); In re Powers, 523 So.2d 1079 (Ala.Civ.App.1988); and In re Carter, 412 So.2d 811 (Ala.Civ.App.1982), in my opinion, fails.
In Willis, the city attorneys interpreted an injunction in such a way as to allow the city to execute a search warrant pursuant to the city ordinance preventing the exhibition of obscene films. Willis, 242 Ala. at 288, 5 So.2d at 718. The court found that the attorneys had reasonable grounds for their construction of the injunction and that, based on their reasonable opinion, they had acted in good faith by advising their client, the city, to proceed with the execution of a search warrant. Id. at 289, 5 So.2d at 719-20. The court noted that the attorneys did not advise the city to defy the trial court’s injunction, but instead advised their client to proceed in a manner they believed, perhaps erroneously, to be consistent with the injunction. Id. at 289-90, 5 So.2d at 720.
In Powers, the attorney, believing that a trial court could not grant him a continuing objection, repeated hearsay objections despite the trial court’s order that he had a continuing objection. Powers, 523 So.2d at 1082. The attorney’s decision to object specifically to each question was further supported by the trial court’s use of the term “general objection,” which the attorney knew would not suffice to support an appeal of the admission of hearsay evidence. Id.
In Carter, the attorney, who was retained by a defendant in an Alabama child-custody case to pursue a divorce case in Georgia, had failed to include the Alabama child-custody case in his pleading in the Georgia divorce case. Carter, 412 So.2d at 812. This court concluded that the attorney’s “[ijneomplete or improper pleading does not ordinarily constitute a contempt” and that his error was an error in judgment in that he believed that the defendant in the Georgia divorce action had the burden of pleading the Alabama child-custody case. Id.
Crittenden argues that an attorney should not be penalized by a criminal-contempt sanction for forming a reasonable legal opinion and expressing that opinion to a client. The supreme court has so held in Willis.
“Attorneys are officers of the court and are sworn to obey and respect. Their obligation in this respect must never be overlooked. But there must exist, at the same time, a freedom of thought among *626 the members of the legal profession, and a right to their opinion and their expression of such opinion in good faith to their clients.”
Willis, 242 Ala. at 290-91, 5 So.2d at 721. However, Crittenden’s opinion in this case was not a legal opinion. Her opinion was that the judge might be sympathetic and understanding to her client’s need to move to New Orleans. Crittenden’s duty in this case was to inform her client that she could not move until such time as the territorial restriction was removed or modified. She did, if you believe her, warn her client that she might be risking a finding of contempt for moving, but, more importantly, she either advised or encouraged her client to move in defiance of the court’s judgment. Her opinion was not based on an interpretation of the law, but instead on her feelings about how the judge might view her client’s actions. She cannot be protected from a finding of criminal contempt for advising a client, however quali-fiedly, to disobey the court’s judgment, by calling her advice an expression of legal opinion made in good faith. I would affirm the finding of criminal contempt.
ROBERTSON, P.J., concurs.